THE MODEL BUILDING AND LOAN ASSOCIATION OF MOTT HAVEN, by GEORGE I. SKINNER, as Superintendent of Banks of the State of New York, Respondent, *v.* ALFRED G. REEVES et al., Appellants, Impleaded with Another.

**Pleading — limitation of actions — complaint alleging cause of action for money had and received — demand for equitable relief does not change action to one in equity — where facts alleged show status of debtor and creditor remedy at law ample and resort to equity improper — when complaint properly dismissed on ground cause of action barred by Statute of Limitations.**

1. As bearing upon the nature of an action as to whether it is one at law or in equity recourse must be had to the allegations set out in the complaint. Notwithstanding that a complaint prays for a discovery, accounting, appointment of a receiver and judgment for the amount found due, the relief asked has no bearing upon the nature of the action unless supported by the allegations.

2. A complaint alleging that a firm of which defendants were members, as attorney and agent received moneys, to wit, the sum of $100,000 and upwards from plaintiff and from divers persons for plaintiff in connection with its business as a loan association, which sums of money defendants caused to be deposited in their bank account and to become diverted from plaintiff's use and converted to the use of defendants, with notice that said moneys were the property of plaintiff, which moneys are wrongfully withheld by defendants, who have refused to account for and pay over after demand made therefor, and defendants are by reason of the premises indebted to plaintiff to an amount exceeding $100,000, states a cause of action for money had and received which if proved would entitle plaintiff to a money judgment in an action at law.

3. The fact that the complaint contains additional allegations, upon information and belief, which are general, uncertain in part, con-

tradictory and indicative of speculation and that it prays for a dis-
covery, accounting, appointment of a receiver and judgment for the
amount due, does not constitute the action one in equity.  While
a plaintiff is required by the Code to state in his complaint the judg-
ment to which he supposes himself entitled, such requirement does
not contemplate that the court must award a judgment other than
one based upon the facts established on the trial.  Upon failure of
defendants to pay over moneys received by them for plaintiff or moneys
so delivered to them by plaintiff, the relation between the  parties
became that of debtor and creditor and the remedy at law to recover
such moneys was ample and resort to equity improper.

4. Where, therefore, it was stipulated that the defendants' firm
was dissolved on April 14, 1911, and that the appellants herein were
entirely guiltless of any personal participation in the conversion
alleged, and this action was not commenced until March 1, 1919, a
dismissal of the complaint as to them upon the ground that the cause
of action was barred by the Statute of Limitations wzs proper.

*Model Building & Loan Assn.* v. *Reeves,* 201 App. Div. 329, reversed.

(Argued June 7, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered February 23, 1923,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department reversing a judg-
ment in favor of defendants entered upon a dismissal
of the complaint by the court on trial at Special Term
and directing judgment in favor of plaintiff upon new
findings.

*Frederick Collin, Herbert C. Smyth* and *Harold Swain*
for appellants.  Since appellants were ignorant of the
fraud, if any, and never received any of the proceeds,
the Statute of Limitations has run in their favor.  (*Spall-
holz* v. *Sheldon,* 216 N. Y. 206; *Finnegan* v. *McGuffog,*
203 N. Y. 342; *Price* v. *Mulford,* 107 N. Y. 303; *Glover*
v. *Nat. Bank of Commerce,* 156 App. Div. 247; *Gilchrist
Transportation Co.* v. *Worthington & Sill,* 193 App. Div.
250; *Gilmore* v. *Ham,* 142 N. Y. 1; *Lammer* v. *Stoddard,*
103 N. Y. 672; *Marvin* v. *Brooks,* 94 N. Y. 71; *Jordan*
v. *Underhill,* 91 App. Div. 124; 3 Pom. Eq. Juris. 472,

§ 1421; *Mills* v. *Mills*, 115 N. Y. 80; *Brundage* v. *Village of Portchester*, 31 Hun, 129; *Scott* v. *Stebbins*, 27 Hun, 335; 91 N. Y. 605; *Bell* v. *Merrifield*, 109 N. Y. 202; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331.)

*Valentine Taylor* and *Vincent L. Leibell* for respondent. This action is one in equity based on fraud and is not barred by the Statute of Limitations which began to run against this plaintiff only from the time of the discovery of the fraud. (Code Civ. Pro. § 382, subd. 5; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441; *People's Trust Co.* v. *Smith*, 215 N. Y. 488; *Lough* v. *Outerbridge*, 143 N. Y. 271; *Rice* v. *Rockefeller*, 134 N. Y. 174.)

HOGAN, J.  From January 1st, 1906, to April 14th, 1911, the defendants, appellants, and defendant Herbert Reeves were as copartners engaged in the practice of law under the firm name of Reeves, Todd & Swain. On April 14th, 1911, the defendant Herbert Reeves retired from said firm and after that date was not thereafter a member thereof.  The plaintiff as its name implies is a building and loan association organized under the laws of this state and subject to supervision by the superintendent of banks.  On March 9, 1917, the superintendent of banks took possession of the assets of the loan association and is engaged in a liquidation of the same for the benefit of its creditors.

Prior to the dissolution of the firm of Reeves, Todd & Swain, Herbert Reeves was a director of the loan association and as a member of the firm had the handling and dealing with the affairs and matters of the loan association as counsel, and with matters committed to the firm by the loan association.  He likewise had power and authority to draw checks on a trust account carried in the name of the firm in the Guaranty Trust Company. The firm also had a general account in the National Bank of Commerce.

Upon the dissolution of the firm of Reeves, Todd & Swain the loan association had knowledge of the retirement of Herbert Reeves therefrom and thereupon made him its sole attorney and counsel and notified the remaining members of the firm to that effect. Herbert Reeves continued as such sole counsel and attorney until March 9, 1917, the date when the superintendent of banks took possession of the loan association.

The complaint in substance alleges upon information and belief: That the firm of Reeves, Todd & Swain received from plaintiff and divers persons for the plaintiff a large sum of money in connection with divers business transactions of plaintiff which moneys were trust funds (of the association) and were caused (by the firm) to be deposited in their or either of their bank accounts or otherwise to come to their possession or pass through the hands of defendants and to become diverted from the plaintiff's use and converted to the use of defendants and that defendants had or were chargeable with due notice that all of said moneys were the property of plaintiff and so diverted, the exact amount plaintiff is unable to state as the defendants falsely and willfully so kept their books that the amount of the true transactions did not appear therein and defendants have falsely, fraudulently and willfully retained in their own interest and converted to their own use a large portion of said moneys and omitted to make in their books any entry thereof or have made such entries as to be misleading and erroneous and as to the items making up said account the same are wholly within the knowledge of defendants which they wrongfully withhold from plaintiff and have refused to account for and pay over after demand, and have repudiated all liability therefor and have converted to their own use a large portion of the money so received by them, to wit, the sum of $100,000 and upwards, the property of plaintiff; that plaintiff is ignorant of the particulars of the several

items and the amount converted and diverted and used by defendants except to a partial extent while defendants have full knowledge of the same.   Judgment was demanded for a disclosure of the books and accounts of defendants, for an accounting by them, appointing a receiver of all their property, a judgment in favor of plaintiff for the amount found due and for such other and further relief as shall be just and equitable.

We do not deem it necessary to analyze the answers of the defendants other than the answer served by Herbert Reeves, further than to state that the same at length specifically deny the various allegations of the complaint and affirmatively plead the Statute of Limitations.   The answer of defendant Herbert Reeves admitted the existence of the firm of Reeves, Todd & Swain and membership therein to the date of dissolution; that the firm acted as attorneys for plaintiff, but all of plaintiff's business was looked after by him personally; that he was a director of plaintiff; that after the dissolution of the firm he personally continued to represent plaintiff individually as attorney and as director down to March, 1917; that while acting as such attorney and officer he did receive and misappropriate certain funds of the corporation plaintiff, but that said misappropriations were not participated in, consented to or known by any of the other defendants; that a statement of all of said misappropriations was made by him to a deputy of the banking department on March 9, 1917, and he has since and now is giving all information or data that may be required.

For a separate defense, the pendency of another action against John S. Hanson (the president of the association) and himself upon the same facts and the same cause of action set out in the complaint herein.

This action was commenced March 1, 1919, against defendants, appellants, and against Herbert Reeves March 24, 1919, and was brought on for trial at Special

Term. Upon the trial the only oral testimony adduced was briefly that of John S. Hanson, the president of the loan association, who was called by defendants with reference to the rules of plaintiff relating to the association requiring an appraisal of property upon which a loan was solicited, a title policy of insurance, etc. The remaining facts were stipulated for the purposes of the trial and subsequently made the findings of the trial justice with a few exceptions not material to relate.

Amongst the facts stipulated between the parties are the facts hereinabove enumerated down to the point herein where the subject-matter of the complaint is considered.

Other facts stipulated and found by the courts below are in substance: The moneys taken by Herbert Reeves were taken solely for his own use, and used and employed for his own purposes alone; and all of said other four defendants of said firm, Alfred G. Reeves, Ambrose G. Todd, Alexander Rowland and Harold Swain were and are entirely guiltless of any personal participation in said acts of said Herbert Reeves and did not benefit by or from them in any way. The stipulation provided: Where it is stated herein that mortgages were satisfied, it was by satisfaction pieces executed by the Model Building and Loan Association of Mott Haven signed by two officers and checks were signed by four officers.

Then follow eleven pages of the record narrating ten transactions in which Herbert Reeves was involved with reference to the alleged business of the plaintiff which were found in finding of facts No. 9, the several amounts of which aggregated $47,800, for which amount the trial justice directed judgment against the defendant Herbert Reeves with interest from the date of each transaction, with costs. The judgment as entered was for $82,016.99. The complaint was dismissed on the merits as to the four defendants, appellants, upon the ground that the cause of action was barred by the Statute of Limitations.

Upon appeal to the Appellate Division that court found as matter of fact that six years had not elapsed at the time of the commencement of this action since the discovery by plaintiff of the various acts, defalcations and misappropriations by the said Herbert Reeves constituting the fraud upon which plaintiff bases its right of action and as matter of law.

That " this action is one in equity to procure a judgment on the ground of fraud."

*Second.* The six years' Statute of Limitations applies to each and every one of the acts upon which plaintiff's cause of action is based and specified in the finding of fact designated " 9 " and begins to run from the time of the discovery by the plaintiff of the said acts; and no cause of action arising from any of said acts, upon which plaintiff's cause of action is based, is barred by the Statute of Limitations, and directed judgment against defendants, appellants, jointly and severally for the sum of $82,016.99 with interest from February 10, 1921.

We shall first consider the first conclusion of law made by the Appellate Division, viz., " This action is one in equity to procure a judgment upon the ground of fraud." The plaintiff has recovered in this action upon the facts stated in the complaint and findings of the courts below upon which no material controversy was had upon the trial. At the outset as bearing upon the nature of this action as to whether it is one at law or in equity recourse must be had to the allegations set out in the complaint. A synopsis of the same appears above but at the expense of some repetition the substance of the same should here be scrutinized giving to the pleading a liberal construction. The allegations of the pleading are that defendants as attorneys and agents received moneys, to wit, the sum of $100,000 and upwards from plaintiff and from divers persons for plaintiff in connection with its business as a loan association which

22

sums of money defendants caused to be deposited in their
bank account and to become diverted from plaintiff's
use and converted to the use of defendants with notice
that said moneys were the property of plaintiff, which
moneys are wrongfully withheld by defendants who have
refused to account for and pay over after demand made
therefor and defendants are by reason of the premises
indebted to plaintiff to an amount exceeding $100,000.

Thus far the gravamen of the action was that defend-
ants as attorneys and agents of plaintiff received from
and on account of plaintiff money not by any fraud or
wrongdoing on their part but which in conscience
defendants cannot retain and which they have refused
to pay over after demand made, followed by a conclusion
that they have converted said moneys to their own use.
Had the complaint omitted further allegations we would
have the ordinary pleading to recover by a plaintiff
for money had and received by a defendant for the
benefit of plaintiff proof of which fact would entitle a
plaintiff to a money judgment in an action at law. We
shall next consider additional allegations of the complaint
for the purpose of ascertaining the reason if any for a
transformation of a complaint for money had and received
into an equitable action. The pleading alleges upon
information and belief that defendants kept false books
of account, so that the amount of the transactions would
not appear therein, and omitted to make any entry in
their books, or made entries misleading and erroneous,
and as to its making up said account the same are wholly
within their knowledge and plaintiff is ignorant of the
same except to a partial extent of the amount converted.

The noted allegations of the complaint are general,
uncertain in part, contradictory and indicative of specula-
tion. They are made upon information and belief.
First, it is alleged that defendants made false entries
in their books thereby, as plaintiff concludes, to cover
up the transactions had with plaintiff; then follows an

allegation contradictory of the first allegation, that defendants omitted to make any entries in their books, thus that defendants made false entries in their books in which they omitted to make any entries; then follows: *or*, if they have made such entries, the same were made so as to be misleading and erroneous and the items of the account are within the knowledge of defendants and only to a partial extent known to plaintiff. Notwithstanding that the complaint prayed for a discovery, accounting, appointment of a receiver and judgment for the amount found due, the relief asked has no bearing upon the nature of the action. While a plaintiff is required by the Code to state in its complaint the judgment to which he supposes himself entitled to, such requirement does not contemplate that the court must award a judgment other than one based upon the facts established on the trial. In the complaint in the instant case the prayer for relief was unlimited in extent and demand. Plaintiff did not secure the relief to which it supposed itself entitled but simply a money judgment. Equitable relief, though demanded, was not awarded. The proposed findings of plaintiff at Special Term did not seek other than a money judgment.

Assuming for the purposes of this case that defendants received at various times checks drawn by plaintiff to their order the avails to be paid to parties having business transactions with plaintiff, namely, borrowers upon bonds and mortgages. That moneys due plaintiff from its debtors were delivered to defendants as agents of plaintiff. Upon receipt of any such moneys a duty rested upon defendants to pay over the moneys so received to the party for whose benefit the money was delivered to them. Upon failure of defendants to pay over moneys received by them for plaintiff or moneys so delivered to them by plaintiff, the relation between the parties became that of debtor and creditor and the remedy at law to recover such moneys was ample and resort to equity improper.

(*Carr* v. *Thompson*, 87 N. Y. 160, 162; *Mills* v. *Mills*, 115 N. Y. 80; *Miller* v. *Wood*, 116 N. Y. 351; *Wood* v. *Young*, 141 N. Y. 211; *Roberts* v. *Ely*, 113 N. Y. 128; *Diefenthaler* v. *Mayor, etc., of N. Y.*, 111 N. Y. 331.) This conclusion results in disapproval of the conclusion of the Appellate Division that the Statute of Limitations was not a defense to the action and in view of the fact that Herbert Reeves did not appeal renders unnecessary a discussion as to whether or not the findings of fact support the conclusions of law as well as other questions discussed in the briefs.

The order and judgment of the Appellate Division should be reversed and the judgment of the Special Term reinstated, with costs to appellants in this court and the Appellate Division.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., not voting.

Ordered accordingly.