HISCOCK, Ch. J., CARDOZO and McLAUGHLIN, JJ., concur with CRANE and POUND, JJ.; ANDREWS, J., concurs in result; LEHMAN, J., dissents in memorandum.

Order reversed, etc.

---

EDNA W. MINION et al., Respondents, *v.* CLARA F. WARNER, Appellant.

Real property — tenants in common — accounting — interest — entire rental of real property collected by one of several tenants in common — when action in equity for accounting will lie — when Statute of Limitations not a defense — interest allowed only from time relations terminated.

1. Where, after title of real property has vested in tenants in common under a devise contained in a will, one of them collects all the rents for a number of years and until the property is sold and refuses to account for the same to her co-tenants who do not know the amount

so collected or what sum is due to them, they may bring an action in equity for an accounting. As between tenants in common who hold their estate through descent or under a will there is a quasitrust relationship. Apart from this, however, the jurisdiction of courts of equity in such actions is an ancient one and is not interfered with by section 1666 of the Code of Civil Procedure. There were thereafter two concurrent remedies. (*Niehaus* v. *Niehaus*, 141 App. Div. 251, overruled.)

2. There was an open and current account in this case and the Statute of Limitations had no application. Under the circumstances there was an implied ageement for a setoff of mutual debts. There was no implication that as each item of rent was collected a division was to be made. The understanding must have been that as the rent was collected necessary disbursements including taxes should be paid therefrom and only the balance became due. Upon sale of the property the relation terminated and the statute did not begin to run until then.

3. Interest should be allowed only from the time when the relations between the parties terminated by the sale of the property. (*Adams* v. *Olin*, 140 N. Y. 150, distinguished.)

*Minion* v. *Warner*, 208 App. Div. 788, modified.

(Argued May 22, 1924; decided July 5, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 27, 1924, unanimously affirming a judgment in favor of plaintiffs entered upon the report of a referee.

*Walter E. Warner* and *William F. Connell* for appellant. To sustain an action in equity for an accounting it must appear that there is some trust or fiduciary relation existing between the parties. (*McCullough* v. *Pence*, 85 Hun, 271; *Marvin* v. *Brooks*, 94 N. Y. 71; *Moore* v. *Coyne*, 113 App. Div. 51; *Yuengling* v. *Betz*, 120 App. Div. 709; *Harle* v. *Haggin*, 131 App. Div. 742; *Abbey* v. *Wheeler*, 85 Hun, 226; *Uhlman* v. *N. Y. Life Ins. Co.*, 109 N. Y. 421; *Schantz* v. *Oakman*, 163 N. Y. 148; *Empire Engineering Co.* v. *Mack*, 217 N. Y. 85; *Warnock Uniform Co.* v. *Garifalos*, 224 N. Y. 522.) The plaintiffs had an adequate remedy at law herein. The relation between

the parties was merely that of debtor and creditor, and plaintiffs could not maintain an action in equity. (*Jackson* v. *Strong,* 222 N. Y. 153; *Model B. & L. Assn.* v. *Reeves,* 236 N. Y. 331; *Abbey* v. *Wheeler,* 85 Hun, 236; *Empire Eng. Co.* v. *Mack,* 217 N. Y. 85; *Warnock Unif. Co.* v. *Garifalos,* 224 N. Y. 522; *Marvin* v. *Brooks,* 94 N. Y. 71; *Uhlman* v. *N. Y. Life Ins. Co.,* 109 N. Y. 421; *Schantz* v. *Oakman,* 163 N. Y. 148; *Bouton* v. *Van Buren,* 229 N. Y. 17; *March* v. *Kaye,* 168 N. Y. 196.) Notwithstanding the fact that under the law as laid down by this court, the relations between the parties hereto was that of debtor and creditor, the court below decreed that the defendant was bound to account and pay interest on annual rests as if she were a trustee of plaintiffs; this error alone requires a reversal herein. (*Model B. & L. Assn.* v. *Reeves,* 236 N. Y. 331; *Mansfield* v. *N. Y. C. R. R. Co.,* 114 N. Y. 331; *White* v. *Miller,* 78 N. Y. 393; *Ledyard* v. *Bull,* 119 N. Y. 62; *Delafield* v. *Village of Westfield,* 41 App. Div. 24; 169 N. Y. 582; *Newell* v. *Griswold,* 6 Johns. 45; *Coles Estate,* 85 Misc. Rep. 630; *Faber* v. *City of New York,* 222 N. Y. 255; *Excelsior Terra Cotta* v. *Harde,* 181 N. Y. 11; *Matter of Hitchcock* [*Farley*], 184 N. Y. Supp. 691; *Hoisting Mach. Co.* v. *Fed. Terra Cotta Co.,* 179 App. Div. 653; *People ex rel. Cranford* v. *Wilcox,* 207 N. Y. 743.) The six-year Statute of Limitations, section 382, Code of Civil Procedure, applied to and outlawed all items of rent collected prior to March 14, 1912. (*Jackson* v. *Brooklyn Lumber Co.,* 184 N. Y. 152; *Model B. & L. Assn.* v. *Reeves,* 236 N. Y. 331; *Butler* v. *Johnston,* 111 N. Y. 204; *Holt* v. *Hopkins,* 63 Misc. Rep. 637; 136 App. Div. 940; *St. John* v. *Coates,* 18 N. Y. Supp. 424; 140 N. Y. 634; *Hart* v. *Goadby,* 72 Misc. Rep. 238; *Mills* v. *Mills,* 115 N. Y. 80.)

*Walter Jeffreys Carlin* for respondents. The action is maintainable in equity. (*Niehaus* v. *Niehaus,* 141 App. Div. 251; *Bradley* v. *Bradley,* 165 N. Y. 183; *Metro-*

*politan Trust Co.* v. *Stallo,* 166 App. Div. 649; *Cornell* v. *Bonsall,* 176 App. Div. 798; *Mitchell* v. *N., L. & O. P. Co.,* 99 Misc. Rep. 366; *Dodd* v. *Dodd,* 103 Misc. Rep. 86; *Greer* v. *Smith,* 166 App. Div. 420; *Mullin* v. *Mullin,* 119 App. Div. 525; *Simar* v. *Canaday,* 53 N. Y. 298; *Dean* v. *Chamberlain,* 6 Duer, 691; *Donnelly* v. *Lambert,* 62 App. Div. 192; *Uhlman* v. *N. Y. L. Ins. Co.,* 109 N. Y. 431; *Maekotter* v. *Maekotter,* 74 Misc. Rep. 214.) The allowance of interest was proper. (*Myers* v. *Bolton,* 157 N. Y. 393; *Faber* v. *City of New York,* 222 N. Y. 255; *Tuzzeo* v. *Am. Bonding Co.,* 226 N. Y. 171; *Blackwell* v. *Finlay,* 233 N. Y. 36.)

ANDREWS, J. The plaintiffs and the defendant became tenants in common of certain real property under a devise contained in a will. The defendant was the sole executrix and was given a power of· sale. Perhaps because of this fact she seems to have managed the real estate with the implied assent of her cotenants from the death of the testator in 1910 until it was sold in 1916. This action, begun in 1918, was brought in equity for an accounting. It is alleged that the defendant had collected all rents after the title of the property had vested in the parties, that she refused to account for the same and that the plaintiffs do not know the amount so collected or what sum is due to them. The defendant demurred to this complaint, and while her demurrer was sustained at Special Term the order of that court was reversed by the Appellate Division. (*Minion* v. *Warner,* 185 App. Div. 246.) Thereafter the case was tried and findings were made. They show the cotenancy arising under a devise; the collection of all rents by the defendant; her failure to account for any part of them; certain disbursements made by her for the maintenance of the property which are properly a matter of accounting between the parties; the ignorance of the plaintiffs as to the amount of the said rents and· profits and the

amount due them and their possession of no adequate remedy at law. Upon these findings the defendant was directed to account before a referee. The interlocutory judgment then entered was unanimously affirmed by the Appellate Division. Thereupon an accounting before the referee was had which resulted in a judgment in favor of the plaintiffs which was also unanimously affirmed. We have before us these various orders and judgments.

The most important question for our consideration is whether or not tenants in common must sue at law under the circumstances here alleged or whether they may bring an action in equity for an accounting. Upon this proposition the Appellate Divisions of the first and second departments are in apparent conflict. In *Niehaus* v. *Niehaus* (141 App. Div. 251) it was held that an action in equity for an accounting is not maintainable. On the contrary, the Appellate Division of the second department has here held that such an action is proper. The same ruling was made by Mr. Justice, now Judge, CRANE in *Maekotter* v. *Maekotter* (74 Misc. Rep. 214).

Even if we concede that to sustain an equitable action for an accounting it must generally appear that there is some trust or quasi trust or fiduciary relation existing between the parties, as between tenants in common who hold their estate through descent or under a will there is such a quasi trust relationship. (*Thayer* v. *Leggett,* 229 N. Y. 152; *Knolls* v. *Barnhart,* 71 N. Y. 474; *Carpenter* v. *Carpenter,* 131 N. Y. 101.)

Apart from this, however, the jurisdiction of courts of equity in such actions as the present is an ancient one. Originally only to them could an appeal be made where one cotenant had collected more than his share of the rents and profits. When the Statute of Anne extended an action of account to such a situation it was never thought that this interfered with the jurisdiction of equity. There

27

were thereafter two concurrent remedies where but one before existed. (*Leach* v. *Beattie*, 33 Vt. 195; *Denys* v. *Shuckburgh*, 5 Jur. 21; *Hamilton* v. *Conine*, 28 Md. 635; Pom. Eq. Juris. section 1421, note.) There is no reason why we should hold that section 1666 of the Code does what the Statute of Anne did not do. We, therefore, agree with the court below as to its disposition of this question.

Another question arises as to the Statute of Limitations. As has been said, this action was begun in 1918, and the statute was pleaded as a partial defense to collections made prior to March, 1912. The findings have taken the gross collections made each year, have subtracted from them proper expenses and have found thereby an annual balance. This balance, with simple interest thereon, has been charged against the defendant. If this is the true situation between the parties then the Statute of Limitations would apply to the balances due for 1910 and 1911. For them an action at law might at once be begun. Where there is concurrent jurisdiction in law and equity, equity is bound by the Statute of Limitations. The mode of relief sought is immaterial. (*Roberts* v. *Ely*, 113 N. Y. 128; *Mills* v. *Mills*, 115 N. Y. 80; *Model B. & L. Assn.* v. *Reeves*, 236 N. Y. 331.)

But if there existed between the parties mutual, open and current accounts, then the statute did not begin to run until the last item in 1916 when the property was concededly sold. There was such an account. Such is the rule in Massachusetts. (*Robinson* v. *Robinson*, 173 Mass. 233.) There as here one tenant in common received rents and profits and paid not merely for repairs and the ordinary running expenses of the property but for taxes in respect to which he had a personal claim against his cotenants. " To constitute a mutual account of reciprocal demands, a defendant, when sued, must have an account against the plaintiff, which he can interpose as a setoff to the extent thereof.

It is not needful, however, that each party shall have an independent cause of action against the other. The cause of action upon such an account is really in law for the balance due." (*Green* v. *Disbrow*, 79 N. Y. 1, 13.) Here surely there was an implied agreement for a setoff of mutual debts. There was no implication that as each item of rent was collected a division was to be made. The understanding must have been that as the rent was collected necessary disbursements including taxes should be paid therefrom and only the balance become due. In this case that balance did become due when the property was sold. Until then the relation had not terminated. The agency for the collection of the rents continued. Something remained to be done besides merely paying over a balance. It is only this balance, constantly varying, that was the debt. (*Abbott* v. *Keith*, 11 Vt. 525.) There seems authority for this conclusion in *Adams* v. *Bristol* (126 App. Div. 660; affd., 196 N. Y. 510), although nothing was said in that case with regard to the particular provisions of the Code now being considered. Nor is the conclusion in *Adams* v. *Olin* (140 N. Y. 150) inconsistent with the judgment of the court below. The Statute of Limitations had no application. If this is so, however, it is upon the theory that the understanding of the parties was that there should be at the end of each year no annual settlement and that no balance became due at such time. It is only upon the contrary theory that the courts below could have allowed interest on such yearly balances. The allowance of such interest is inconsistent with the conclusion that the Statute of Limitations does not apply. If it does not then interest should be allowed only from the time when the relations between the parties terminated by the sale of the property in 1916.

The judgment, therefore, appealed from should be modified so as to decree that the plaintiffs recover of the defendant two-thirds of the balance of the account as

it existed on December 31, 1916, namely, the sum of $2,559.25, with interest thereon from January 1, 1917, and as so modified should be affirmed, without costs to either party.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Judgment accordingly.