### BROOKS–SCANLON CORPORATION v. UNITED STATES.
### No. M–152.

Court of Claims.
Feb. 5, 1940.

Howe P. Cochran, of Washington, D. C. (Lucien H. Boggs, of Jacksonville, Fla., and William Delaware Harris, of Washington, D. C., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

GREEN, Judge.

The plaintiff in its amended petition alleges in the first count thereof that in or about the month of May, 1926, the defendant, acting through the Commissioner of Internal Revenue, promised and agreed to pay the plaintiff the sum of $128,244.72 as a balance overpaid on its tax liability for the year 1917. Of this amount, the sum of $39,449.48 was credited to an additional tax for 1920 and $662.63 was credited to an additional tax for 1922, but no part of the balance of $88,132.61 has been paid to the plaintiff.

In the second count it is alleged that about January 22, 1925, and September 5, 1925, the Commissioner of Internal Revenue wrote the plaintiff certifying, among other things, that the plaintiff had made an overpayment of tax for the calendar year 1918 in the amount of $4,330.76. Thereafter, and in or about the month of May 1926, the defendant, acting through the Commissioner of Internal Revenue, rendered a statement to the plaintiff that its correct tax liability for 1918 was $18,514.38, and on this statement the sum of $4,330.76 was found to be due by reason of the aforesaid overassessment, which sum the Commissioner then and there promised to pay the plaintiff.

For a third count the plaintiff alleges that about January 22, 1925, and September 5, 1925, the Commissioner wrote the plaintiff, certifying that the plaintiff made an overpayment of tax for the calendar year 1919 in the sum of $14,357.16. Thereafter, in May 1926, the defendant, acting through the Commissioner of Internal Revenue, rendered a statement to plaintiff that its correct tax liability for 1919 was $31,050.19, upon which statement the sum of $14,357.16 was actually found and agreed to be due the plaintiff by reason of the aforesaid overassessment.

The plaintiff asks judgment in the total amount alleged in the several counts to be due from the defendant.

The allegations of the petition are in effect that the defendant promised and agreed, through the Commissioner of Internal Revenue, to pay certain sums admitted to be due the plaintiff as overpayments on its taxes for the years 1917, 1918, and 1919. The evidence, however, fails to show any such promise and agreement. What the plaintiff relies on are three certificates of overassessment for 1917, 1918, and 1919, each of which showed that the amount of the overassessment had been either abated, credited on taxes of the plaintiff, or taxes assessed against the East Coast Transportation Company. (See Finding 9.) The position of the plaintiff is that the Commissioner had no right to credit any part of the assessment to taxes against the East Coast Company and that it is entitled to a refund of the amount so credited.

In a reply argument, counsel for plaintiff further states that the suit is not brought upon an account stated and it is even admitted that there was no such account. Yet this is the only possible theory upon which plaintiff could recover. Plaintiff filed no claim for refund and the suit was brought long after the expiration of the statute of limitations. Detached statements are cited from the opinion in Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018, which counsel for plaintiff contends show that the mere statement in a certificate of overassessment of a credit creates a cause of action against the Government.

The decision in the case last cited has been modified and explained by the Supreme Court both in the case of Daube v. United States, 289 U.S. 367, 370, 53 S.Ct. 597, 77 L.Ed. 1261, and Stearns Co. of Boston, Mass. v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 78 L.Ed. 647, and it is now settled that what was said in the Bonwit Teller case, supra, was not intended to present any universal rule. In a number of actions to recover taxes paid, the taxpayers have made the same contention which is now set up by the plaintiff herein and as often as it has been made it has been denied by the courts. A statement of an overassessment appearing in a taxpayer's account certified by the Commissioner does not constitute a promise to pay the amount thereof unless the account as a whole shows that the overassessment is due and owing to the taxpayer and that he and the representative of the Government have agreed upon the debits and credits as set out therein, in which event the certificate becomes an account stated. The taxpayer, however, cannot select certain items of a certificate which are in his favor and reject those which are against him and still claim that the certificate constitutes an account stated upon which he can bring suit. This rule has been stated by

this court so many times as to make it hardly necessary to cite authorities. But see David Daube v. United States, 59 F. 2d 842, 1 F.Supp. 771, 75 Ct.Cl. 633, affirmed, 289 U.S. 367, 53 S.Ct. 597, 77 L. Ed. 1261; Leisenring v. United States, 3 F.Supp. 853, 4 F.Supp. 993, 78 Ct.Cl. 171, certiorari denied, 291 U.S. 682, 54 S.Ct. 558, 78 L.Ed. 1069; and R. H. Stearns Co. v. United States, supra. In the case last cited the essentials of an account stated are defined and it is said [291 U.S. 54, 54 S.Ct. 329, 78 L.Ed 647] —"A balance must have been struck in such circumstances as to import a promise of payment on the one side and acceptance on the other."

Notwithstanding the plaintiff concedes that it cannot recover upon an account stated, it is nevertheless argued that the defendant took the plaintiff's money and applied it upon tax deficiencies of the East Coast Company which were barred by the statute of limitations and for which the plaintiff was not in any event liable. The defendant answers that the plaintiff had agreed to pay the taxes due from the East Coast Company and that the statute of limitations had been waived. To this the plaintiff in turn replies that the waivers were invalid.

 The evidence shows that the plaintiff had taken over all the assets of the East Coast Company and assumed its liabilities. Even though no express agreement was made to pay the taxes of the East Coast Company, the plaintiff would stand in the position of a trustee for the payment thereof. But we need not consider whether plaintiff was liable for the taxes of the East Coast Company, or whether the waiver executed was valid. A decision can be rendered without determining any of these matters. Plaintiff sues to recover an overpayment of its taxes and must comply with the statutory requirements with reference to refunds in order to establish its right to recover. For the purposes of this case it makes no difference what the defendant has done with the money; whether it was applied on the taxes of some other company or covered into the Treasury is immaterial. In order to recover these taxes plaintiff must have filed a timely claim for refund and commenced suit within the statute of limitations. It did neither. The only exception that could be applied to the facts in the case would be in event an account stated had been proved, and here

again there is a failure of the evidence and a total failure on the part of plaintiff to make out a valid cause of action.

The plaintiff's petition must be dismissed and it is so ordered.

