**Theodore ZACHARY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 4617.

United States District Court
D. Connecticut.

Dec. 2, 1954.

Theodore Zachary, pro se.

Simon S. Cohen, U. S. Atty., Robert M. FitzGerald, Asst. U. S. Atty., Hartford, Conn., for defendant.

SMITH, Chief Judge.

Defendant moves to dismiss this tax refund action on the ground of variance between the complaint and the claim for refund.

Plaintiff moves to strike the motion to dismiss and the memorandum filed in support thereof as sham and false and as interposed for delay only.

The motion to dismiss raises serious questions of possible variance. The motion to strike is therefore denied.

The claim for refund, Exhibit 1 attached to the complaint, filed August 12, 1947, sets out a payment of $7941.80 as income tax and surtax for the fiscal year ending May 31, 1944. The reason for the claim is given as follows:

"For the fiscal year, which began on June 1, 1943 and ended on May 31, 1944, this taxpayer paid $7,941.-80 for Income Tax and Surtax (as shown in the hereto annexed true copy of 'Notice of Refund' dated in Hartford, Conn. on April 12, 1945). In the following two fiscal years of 1944 and 1945, this taxpayer suffered business losses of $8,963.81 and $21,573.19, respectively; and this taxpayer is therefore entitled to

'carry-back' to his Fiscal Year of 1943, as provided in Section 122 of the Internal Revenue Code, 26 U.S. C.A., and to thereby reduce this taxpayer's tax liability for the fiscal year of 1943. The hereto annexed amended returns for taxpayer's Fiscal Years of 1943, 1944 and 1945, show the accounting details of such 'carry-backs' and also show that Seven Thousand, Eight Hundred and Twenty-Four Dollars and 29/100 ($7,824.29) should be refunded to this taxpayer by the Internal Revenue Service of the U. S. Treasury Department."

The present action is based not on a claim that carry-backs for business losses in the following two fiscal years should have been allowed, but on a claim that the income on which the tax for the fiscal year ending May 31, 1944 was assessed was not taxable income at all, but non-taxable damages for fraud, abuse and oppression.

Plaintiff asserts that a certificate of overassessment for $5449.35 was issued February 3, 1950, but subsequently on October 8, 1951 a notice of disallowance of the claim in full was mailed to the plaintiff.

There is nothing in the original claim itself to put the Commissioner on notice that the claim of non-taxability as damages of the amount received in settlement was being advanced. It is the plaintiff's contention, however, that the amended returns annexed to the claim, which the claim states show the accounting details of the "carry-backs", contained information to put the Commissioner on notice of the claim of non-taxability of the settlement amount. This would not be sufficient unless that claim was relied on in the claim for refund. He also contends that the claim was consistently pressed by him orally in the negotiations with the agents leading up to the certificate of overassessment.

The first written matter specifically referring to such a claim of non-taxability to which the plaintiff refers is a claimed sworn amendment to the claim for refund filed April 22, 1950.

His claim was considered in discussions with the agents and technical staff, who raised the question of changed or amended claims for refund.

Unless the claimed amendment to the claim for refund was timely, the claim for refund stands on a different basis from the present complaint, and the complaint must be dismissed for variance. Ronald Press Co. v. Shea, 2 Cir., 114 F.2d 453.

Plaintiff apparently contends that since the Commissioner had not yet rejected the original claim and since there had already been discussion of the additional basis put forward by the plaintiff, a layman representing himself, the amendment might be considered part of the claim, and the complaint therefore not at variance with the claim. Cf. Bemis Bros. Bag Co. v. U. S., 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011.

But this amendment sets up after the time for filing has run, a new ground, which was not included in the original claim. This is not permissible. Union Bleachery v. U. S., 4 Cir., 176 F.2d 517.

Plaintiff contends that the action is not based solely on the claim that the amount received in settlement was not taxable income, but also on an "account stated" on which action could be brought at any time within 6 years, citing Brooks-Scanlon Corp. v. U. S., 31 F.Supp. 151, 90 Ct.Cl. 353.

A certificate of overassessment alone, however, is not an "account stated". R. H. Stearns Co. v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 78 L.Ed. 647.

Moreover it does not appear that the Commissioner ever approved the proposed overassessment or certified it to the Collector.

Plaintiff was entitled to obtain the ruling of the Commissioner on his contention that all the income for the 1943–4 fiscal year was non-taxable, and to obtain review by this court of an adverse

determination. To do this he had three years in which to bring it formally to the attention of the Commissioner by a claim for refund based on that ground.

Instead he depended in his original claim on wiping out the tax for 1943–4 fiscal by carry-back of claimed losses for 1944 and 1945.

Apparently twice proposals were made for partial wiping out of the tax by the "carry backs" in the proposals for over-assessments of December 14, 1948 for $4053 and December 16, 1949 for $5449.-35.

The Commissioner, however, so far as appears, never approved the second proposed overassessment, to which plaintiff had agreed.

 Up to that point there is no written claim pointed out which accorded with the present basis of plaintiff's action, the amendment to the claim coming later on April 22, 1950.

The motion to dismiss on the ground of variance is granted.