ISTHMIAN STEAMSHIP COMPANY

v.

The UNITED STATES.

No. 283-54.

United States Court of Claims.
April 5, 1955.

J. Franklin Fort, Washington, D. C., for plaintiff. Robert V. Faragher New York City, and Radner, Zito, Kominers & Fort, Washington, D. C., were on the briefs.

Leavenworth Colby, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Hubert H. Margolies, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff's suit is for freight money for the carriage of cargo by a merchant vessel. As such it is a maritime claim, of which the admiralty courts have exclusive jurisdiction. But plaintiff says that since the defendant admits it owes the money, the suit is transformed from a maritime claim into a common law one as for money had and received by defendant for plaintiff's use, or on an account stated.

It cannot be an action on an account stated, because only one item of the account has been stated; the other items are in dispute; nor has there been a promise to pay, which is an essential element of an account stated. Brooks-Scanlon Corp. v. United States, 31 F. Supp. 151, 90 Ct.Cl. 353, 358–359; Leisenring v. United States, 3 F.Supp. 853, 78 Ct.Cl. 171, 178–179, certiorari denied 291 U.S. 682, 54 S.Ct. 558, 78 L.Ed. 1069.

Can it be maintained as an action for money had and received for plaintiff's use, because defendant has admitted it owes plaintiff the money? It is difficult to see how it can be since there has been no promise to pay. This court may award a judgment where defendant wrongfully refuses to pay money it has promised to pay. The suit is on the promise; but here there has been no promise to pay since defendant claims plaintiff owes it more than it owes plaintiff. Instead of a promise, there has been a refusal to pay.

■ Although defendant admits it owes plaintiff the freight money, plaintiff must sue to get it, because the defendant refuses to pay it. A suit by the owner of a vessel for freight money is a suit on a maritime contract. The fact that defendant admits liability does not change the character of the action from a maritime one into a common law one; plaintiff's claim is still for freight, which is a maritime cause of action.

In Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, in case No. 123, there was a failure to deliver the goods consigned. Suit was brought under the Tucker Act on the contract stated in the bill of lading, issued by the master of the vessel Eastern Glade. It was held that the court had no jurisdiction under the Tucker Act, and that the jurisdiction in admiralty was exclusive.

In Commercial Trust Co. v. United States Shipping Board Emergency Fleet Corp., 48 F.2d 113, the suit was by the assignee of certain freight money due the assignor. The assignment had been given as security for a loan made the assignor. In an opinion by Judge Learned Hand, the Court of Appeals for the Second Circuit said, at page 114:

"In form, the action is in the common count for money had and received; in substance, it is a legal substitute for the equitable right to follow the proceeds of the plaintiff's property into the hands of a constructive trustee. The question is whether a suit might have been brought under the Suits in Admiralty Act for the same relief; for, if so, that remedy is exclusive. Johnson v. [United States Shipping Board Emergency] Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451. When the loan is itself maritime, the admiralty will entertain a suit to trace the security into the hands of one with whom the pledgor has wrongfully mixed the proceeds with

his own; so we held in Bank of British [North] America v. Freights of The Hutton, 2 Cir., 137 F. 534. The initial maritime character of the transaction persists, into whatever form the proceeds may go. In general, if the loan be maritime, the admiralty has jurisdiction over the collection of such property. Freights of The Kate, D.C., 63 F. 707; The Advance, 2 Cir., 72 F. 793. * * *

"We think that the form of the action cannot prevail over its substance, and that if the loans were maritime, it is indifferent that the plaintiff chose to sue in a common count, based upon the unlawful detention of the security. The reasoning of Johnson v. United States Shipping Board Emergency Fleet Corporation, applies, and the remedy under the Suits in Admiralty Act (46 U.S.C.A. §§ 741–752) is exclusive. * * *"

In The Castlewood (Newport News Iron Works, Inc., v. United States), D.C., 298 F. 184, at page 187, affirmed, 3 Cir., 5 F.2d 1013, it was said:

"* * * It further contends that no cause of action lies in admiralty upon an account stated, as the action is not based upon a maritime contract, but upon an implied promise to pay, arising after the completion of repairs, which were the subject of a maritime contract, but not out of the maritime contract.

* * * * * *

"The contrary was held by Judge Adams, of the Southern District of New York, in the case of Morse Dry Dock & Repair Co. v. Munson Steamship Line, D.C., 155 F. 150, which was affirmed by the Circuit Court of Appeals of the Second Circuit in 158 F. 1021, 85 C.C.A. 666, and following that case the same court, in an opinion by Judge Manton in The Hattie Thomas, 2 Cir., 262 F. 943, held that a maritime contract

is not changed into a nonmaritime contract because of an account stated."

These opinions seem sound to us. Plaintiff's claim is for freight. Plaintiff proves its claim by defendant's admission of liability, but this does not change the nature of the claim, as was held in the opinions from which we have quoted. It would still be a maritime claim, even though there was an implied promise to pay the amount admittedly due.

We hold that we have no jurisdiction of plaintiff's claim. Defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.