**ISTHMIAN STEAMSHIP COMPANY, as bareboat charterer of THE American Steamship ALLEGHENY VICTORY and 34 other vessels, Libelant,**

v.

**UNITED STATES of America, as Owner of said vessels, Respondent.**

United States District Court
S. D. New York.

June 4, 1956.

Kirlin, Campbell & Keating, New York City, for libelant. Clement C. Rinehart and Elmer C. Maddy, New York City, of counsel.

Paul W. Williams, U. S. Atty., New York City, for the United States. Louis E. Greco and Benjamin H. Berman, Attys., Dept. of Justice, New York City, of counsel.

PALMIERI, District Judge.

This is a suit in admiralty by Isthmian Steamship Company as bareboat charterer of 35 government-owned freight steamers. Libelant seeks to recover a total of $292,146.13 expended by it for repairs on the vessels and for which the United States is alleged to be liable under terms of the charters. The Government has filed exceptions and exceptive allegations on the ground that the claims are barred by the two-year statute of limitations of the Suits in Admiralty Act, 46 U.S.C.A. § 745. Libelant has moved for leave to file an amended libel.

All of the claims except those involving four vessels hereinafter mentioned arise out of defects or damage discovered and repaired more than two years before the original libel was filed. Thus, the causes of action having arisen more than two years prior to institution of suit, the claims are barred by the statute of limitations, and the exceptions and exceptive allegations must be sustained. See Alcoa Steamship Co. v. United States, D.C.S.D. N.Y.1950, 94 F.Supp. 406, 408; Isbrandtsen Steamship Co. v. United States, D.C. S.D.N.Y., 146 F.Supp. 516.

As to the claims concerning the vessels Allegheny Victory, Kenyon Victory, Meredith Victory and Winthrop L. Marvin, it is not apparent when the defects were discovered or the repairs made. Consequently, it is impossible to ascertain when the causes of action arose. Libelant's motion to file an amended libel is granted with respect to these vessels on condition that these omissions be remedied and the dates of damage or discovery of the alleged defects be set forth.

Settle order on notice.