**Theodore ZACHARY**

v.

**The UNITED STATES.**

No. 509-55.

United States Court of Claims.
July 12, 1956.

Theodore Zachary, pro se.

William D. Kerr, Atlanta, Ga., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff seeks recovery of $5,449.35, with interest, which he alleges was an overpayment of income taxes for the fiscal year ending May 31, 1944.

Each party has moved for summary judgment.

During the fiscal year ending May 31, 1944, plaintiff received the sum of $66,725 in settlement of litigation in Michigan state courts. This he reported as income for that year, allocating the amount between the sales of shares of stock surrendered in the settlement and previous years' salary, in the amounts of $18,875 and $47,850, respectively.

Plaintiff filed a claim for refund on August 12, 1947, claiming business losses of more than $36,000 for the fiscal years ending May 31, 1945 and May 31, 1946, which he asserted should be carried back to the year 1944.

Plaintiff attached to the claim for refund an amended return for the fiscal year ending May 31, 1944. The amended return contained the further ground that the $66,725 should be reallocated as follows:

$5,360 for cost of the Winery shares given up; $44,640 as long-term capital gains from the shares; and $16,725, the balance for salaries; total, $66,725.

The claims were investigated by internal revenue agents in Connecticut.

During these investigations plaintiff alleges that he amended his second ground orally in 1949 and 1950, and by sworn amendments in 1950 and 1951, before rejection of the claims, with the Internal Revenue Agent in Charge, so as to change the figures as follows:

$5,360 for cost of shares, as above; $22,320 only for capital gains from the Winery shares; $16,725 for salaries, i. e., $44,405, (which is wiped out by $35,965.-71 carryback; $5,377 expenses; $5,360 shares' cost, etc.) and $22,320 nontaxable compensatory damages, total, $66,725.

The Internal Revenue Agent in Charge at New Haven, Connecticut, after a conference with plaintiff, recomputed the plaintiff's tax for the fiscal year 1944 and proposed an overassessment in the sum of $5,449.35. Plaintiff agreed and signed a waiver. The agent wrote the plaintiff a letter dated February 3, 1950, informing him of the recomputation, and advising him that after the overassessment had been certified by the Commissioner of Internal Revenue to the Collector, plaintiff would receive a refund.

On October 8, 1951, the Commissioner of Internal Revenue advised the plaintiff by letter that, in accordance with the provisions of section 3772(a) (2), 26 U.S. C.A. § 3772(a), he had disallowed his claim in full.

On October 8, 1953, plaintiff filed suit in the United States District Court for the District of Connecticut, under the Tucker Act, 28 U.S.C.A. §§ 1491, 2411, 2412, 2501, for a refund of the same claim and amount involved here. He attached to the petition in that court a copy of the letter of overassessment referred to above and written by the Internal Revenue Agent in Connecticut.

On December 4, 1954, the District Court for the District of Connecticut, on a hearing, granted defendant's motion to dismiss plaintiff's petition on the ground that it failed to state a claim on which relief could be granted. Zachary v. United States, D.C., 126 F.Supp. 726.

The defendant pleads that the issue is *res judicata* in this proceeding, and also that the claim on its merits is barred by the statute of limitations as provided by section 6532 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6532.

Plaintiff seeks to avoid the statute of limitations applicable to such suits on the ground that the letter from the Internal Revenue Agent for Connecticut referred to above constituted an account stated, and that this removed the case from the ban of section 6532, and made the general 6-year statute applicable.

This issue was directly made when the claim was before the District Court. We quote from the court's opinion in Zachary v. United States, supra, 126 F.Supp. at page 727:

"A certificate of overassessment alone, however, is not an 'account stated.' R. H. Stearns Co. v. United States, 291 U.S. 54, 65, 54 S.Ct. 325, 78 L.Ed. 647.

"Moreover it does not appear that the Commissioner ever approved the proposed overassessment or certified it to the Collector."

The court also held that the claim was not timely filed, in that the attempted amendment to the claim by plaintiff, setting up a new ground which was not in the original claim, was not filed during the time within which claims for refund may be filed.

The order of the District Court decreeing that the "action be dismissed on its merits" was affirmed by the United States Court of Appeals, March 30, 1955, 2 Cir., 220 F.2d 749.

Since that case involved the same claim for refund and substantially the same issues as here presented, we have no choice but to hold that the claim is *res judicata*.

Plaintiff's motion for summary judgment is overruled. Defendant's motion is sustained and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.