**ISTHMIAN STEAMSHIP COMPANY,**
Libelant,

v.

**UNITED STATES of America,**
Respondent.

United States District Court
S. D. New York.

Oct. 3, 1956.

Kirlin, Campbell & Keating, New York City, for libelant. Edward L. Smith and James Proud, New York City, of counsel.

Paul W. Williams, New York City, U. S. Atty. for S. D. New York, for respondent, William H. Postner, Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., of counsel.

DAWSON, District Judge.

This action is brought against the government under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. by a shipowner to recover freight and demurrage charges in connection with the transportation of government cargoes and property on the shipowner's vessels.

Respondent has filed exceptions to the amended libel on two grounds: (1) that the action was not commenced within two years after the causes of action arose, as provided by § 5 of the Suits in Admiralty Act, 46 U.S.C.A. § 745; and (2) that the amended libel fails separately to state and number the various causes of action alleged therein.

The amended libel alleges that the respondent, on various dates, delivered to libelant cargoes for carriage between United States ports and the Far East pursuant to contracts of carriage incorporated in bills of lading. Libelant claims that certain payments were due to it in connection with the transportation of these cargoes, and that it has received only part payment thereof; and that the respondent became indebted to it for freight, demurrage, and other charges on these several voyages in the sum of $45,487.80 over and above all payments and adjustments. Libelant also asserts that respondent purported to withhold part of the amounts due to libelant to satisfy certain alleged claims of respondent against libelant aggregating $44,506.87, but that such claims asserted by respondent are groundless and unenforceable.

Attached to the libel is a schedule listing sixty-three claims which are the subject matter of the action, some of which are for freight charges, some for demurrage claims, and one for freight for the carriage of a patrol boat. Some of the claims were for services rendered more than two years before the filing of the amended libel.

The respondent contends that the amended libel asserts multiple causes of action for alleged breaches of contract and to the extent that any of the claims matured more than two years before the filing of the amended libel, maintains that they are barred by the limitation provision contained in § 5 of the Suits in Admiralty Act. Libelant contends, on the other hand, that the action is one on an open running account; that the business relationship between the parties, extending over a number of years, resulted in claims by the shipowner against the government and by the government against the shipowner, and that although most of the claims were settled, in other instances the government adopted a policy of effecting a deduction from a freight or other charge of the amount which the government asserted was owing in connection with some claim of the government for cargo damage or the like. The libel apparently relates to amounts which the government deducted and which the libelant contends were improperly deducted.

There can be no dispute that the claims asserted by libelant arose when the several cargoes were shipped.[1] When the government offset a claim which it asserted against a bill which had been rendered and then paid only the balance, did this transform the claim of libelant from one for breach of contract to one for a balance due on an account stated? If the libelant accepted the correctness of the offsets, there might be some validity to a contention that this was an action on an account stated. However, the

1. The typical bill of lading annexed to the libel provides in part that:
"* * * Full freight hereunder to the port of discharge named herein shall be considered completely earned on receipt of goods by the carrier * * *"

basis of the action rests upon libelant's contention that the offsets were improper, and that the full amounts of libelant's claims should have been paid without offset. There was no account stated and agreed upon by the parties; rather, there was a series of claims and cross-claims.[2]

However, libelant states that it intends to prove at the trial that all of the claims embraced within the libel form items of an open running mutual account which extended until a date much less than two years before the action was started. Generally, when there is an open running mutual account, a statute of limitations does not begin to run until the last settlement of the account. See Judson v. Buckley, 2 Cir., 130 F.2d 174, certiorari denied, 1942, 317 U.S. 679, 63 S.Ct. 161, 87 L.Ed. 545. It is the basis of this rule that in the contemplation of the parties, the balance due at any particular time was not then owing but awaiting some further action or determination. See Minion v. Warner, 1924, 238 N.Y. 413, 144 N.E. 665, 41 A.L.R. 1412:

"The statute of limitations had no application. If this is so, however, it is upon the theory that the understanding of the parties was that there should be at the end of each year no annual settlement, and that no balance became due at that time." 238 N.Y. at page 419, 144 N.E. at page 666.

The principle of law applicable is well stated in 54 C.J.S., Limitations of Actions, § 165, p. 116 in the following language:

"Agreement, either express or implied, is of the very essence of such a mutual account current because it is the act of the parties, and not the act of the law. Thus the existence of such an account does not necessarily follow as a consequence of the fact that each party has an open account current against the other, and such fact is of itself no ground for even a prima facie presumption of a mutual course of dealing; the two accounts will remain separate and independent unless there is evidence tending to show an express or implied agreement that they shall be converted into one entire and indivisible mutual account."

In the present action, however, the amended libel does not assert that there was any open running mutual account, nor does it allege facts sufficient to show that there was an agreement, express or implied, that the several items involving the claim formed part of such an account. If the libelant intends to make such an assertion at the trial, it should make the necessary allegations in the libel so that the issue of fact as to whether there was an open running mutual account is posed definitely in the pleadings and the parties may be prepared to meet that issue at the trial.

In the absence of such allegations, the libel in the present case asserts merely multiple causes of action for alleged breaches of contract, some of which are barred by the limitation period contained in § 5 of the Suits in Admiralty Act. Under such circumstances, the exceptions to the libel, insofar as the exceptions relate to such claims, would have to be sustained. Isthmian S. S. Co. v. United States, D.C.S.D.N.Y., 146 F.Supp. 219, 1956 A.M.C. 1293. However, since libelant asserts in its brief that it wishes to assert an entirely different type of action than that set forth in a rather ineptly drawn pleading, libelant should be granted permission to file an amended libel. The issue of limitations can then be determined in the light of a pleading, rather than in the light of a pleading

---

2. See comment by the Court in another action by the same parties in Isthmian S.S. Co. v. United States, 1955, 130 F.Supp. 336, 131 Ct.Cl. 472: "It cannot be an action on an account stated, because only one item of the account has been stated; the other items are in dispute; nor has there been a promise to pay, which is an essential element of an account stated."

which asserts one type of action, and a brief which asserts a different type of action. Once the libel is amended, it will then be proper to determine the applicability of § 5 of the Suits in Admiralty Act to the individual items of an open mutual account extending over a period in excess of two years.

The exceptions to the libel are sustained, with leave to the libelant to serve a further amended libel within twenty days from the date of this opinion and order.

So ordered.