ROY L. THAYER, Respondent, v. JOSEPH A. LEGGETT et al., Appellants, Impleaded with Another.

**Cotenants — one tenant in common of a lease for term of years may not purchase outstanding title or claim or secure a new lease to the exclusion of the others — party who purchases rights of cotenants in lease at partition sale is a stranger and has no equitable rights to renewal of the lease.**

1. Although one cotenant may not secretly purchase an outstanding title or claim, or secure a new lease, to the exclusion of the others, this does not affect an assignee of a lease or stranger; on him rests no trust or duty. He may if he can obtain a lease to himself and no legal or equitable obligation results, and an undertenant is a stranger within this rule.　　He has no interest in or lien upon or possession under the original lease.

2. Several persons were tenants in common, under the wills of their father and grandfather, of a lease from year to year of a manufacturing property, the term of which lease was to expire April 30, 1916.　　The premises were actually occupied by the defendant corporation, as an undertenant, and one of said tenants in common was the president and a director of said corporation.　　Before the expiration of the lease said president, as one of said tenants in common, began an action to partition the right, title and interest of said tenants in common under the lease in question.　　After the interlocutory judgment of sale in the

action and acting under the direction of the corporation, said president thereof, without the knowledge of all of his cotenants, obtained from the owners of the property for the defendant corporation, the sub-tenant under the original lease, a new lease of the premises for the term of five years.   Thereafter, at the partition sale of the original lease, plaintiff purchased all the right, title and interest of said coten-ants therein.   Plaintiff, who was not one of said cotenants of the orig-inal lease but a stranger thereto, begins this action to have the five-year lease obtained by the president of the defendant corporation declared wrongful upon the ground that such president obtained the new lease secretly and in fraud of his cotenants, and to have it adjudged that such lease inured to the benefit of the cotenants of the original lease, and, therefore, to him as the purchaser at the partition sale of the right and title of such cotenants in the original lease.   *Held*, that no equitable rights to the renewal of the lease to plaintiff were created by the transfer; that plaintiff is not entitled to the relief demanded; that he is a stranger, and even assuming that the new lease was obtained secretly and for his own benefit by the president of defendant corporation in fraud of his cotenants, none of them have demanded any relief or questioned the act of such president and the plaintiff, a stranger to whom no cause of action has been assigned, cannot make the demand for them; a bare finding that his position as cotenant aided the president of the corporation to obtain the new lease is wholly inadequate to show that the action of his corporation was fraudulent.

*Thayer* v. *Leggett*, 185 App. Div. 921, reversed.

(Argued April 29, 1920; decided June 1, 1920.)

APPEAL, by permission, from a judgment of the Appel-late Division of the Supreme Court in the third judicial department, entered October 7, 1918, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Norton* for appellants.  Even it it were alleged, proved and found that the corporation appellant had been the undertenant of the alleged tenants in common, that fact would not have imposed upon it any disability to enter into the lease in question with the

Cohoes Company. (*Mitchell* v. *Reed*, 61 N. Y. 123; *Maunsell* v. *O'Brien*, 1 Jones Exch. 184.) The most that the plaintiff can claim under the allegations of the complaint is that he bought an expired lease, carrying a right of tenancy in the Cohoes Company's land to the 30th day of April, 1916. (*Kennedy* v. *New York*, 196 N. Y. 19.) The Cohoes Company, the landlord, is not charged with any fraud or with any collusion with the corporation appellant, the tenant. It had the right to lease its property to whomsoever it chose. (*McDonald* v. *Fiss*, 54 App. Div. 489; *Tygart* v. *Wilson*, 39 App. Div. 58.) In negotiating this lease, Joseph A. Leggett was not acting for his own benefit. He was the agent of the corporation appellant. He was not authorized to defraud any one. He was only authorized to act for the corporation for its protection. Fraud will not be presumed; it must be proved. The Cohoes Company is acquitted of any fraud. The John Leggett & Son Corporation is not charged with fraud. The only fraud charged is an alleged misrepresentation by Joseph A. Leggett which is charged as a fraud on parties not in this action, not represented here and who do not complain of any fraud. (*McDonald* v. *Fiss*, 54 App. Div. 489.) There is no proof and no finding of any actionable false representation by the appellant Joseph A. Leggett, and no false representation is charged against the corporation appellant. (*Taylor* v. *Com. Bank*, 174 N. Y. 181; *Wilson* v. *Meyer*, 154 App. Div. 300.)

*Isaiah Fellows* for respondent. The defendant Joseph A. Leggett occupied a fiduciary relation to Adella Bissell and Hazel Thayer, his co-owners of said building and his cotenants under said original lease, and the burden of proof is upon him to show, not only that he acted in good faith in obtaining said lease, but also that his acts resulted in no damage to his cotenants. (*Doheny* v. *Lacy*, 168 N. Y. 213; *Bauchle* v. *Smylie*, 104 App. Div.

513; *Matter of Randall*, 80 Hun, 229; *Hayes* v. *Kerr*, 19 App. Div. 98; *Matter of Will of Smith*, 95 N. Y. 522; *Cowes* v. *Cornell*, 75 N. Y. 99; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Barnard* v. *Gantz*, 140 N. Y. 249.) Tenants in common are placed in a confidential relation to each other by operation of law. (2 Rice on Real Prop. 917; *Van Horne* v. *Fonda*, 5 Johns. Ch. 388; *Allen* v. *Arkenburgh*, 2 App. Div. 452.) It makes no difference whether Joseph A. Leggett secured the new lease by means of fraud in fact, or by reason of the confidential relations he sustained to his sister and his niece, he being their cotenant, the executor of his father's will, the plaintiff in the partition action, administrator of his mother's estate and the president of John Leggett & Son, Inc. In either case the attempt to defraud them out of their interest in the leased land and to unlawfully take from them the large four-story brick building constituted a fraud in law. (*Ten Eyck* v. *Craig*, 62 N. Y. 406; *Button* v. *Ferrin*, 71 N. Y. 244; *Matter of Watson*, 213 N. Y. 183; *Mitchell* v. *Reed*, 61 N. Y. 123; *Fulton* v. *Whitney*, 66 N. Y. 554; *Selwyn* v. *Waller*, 212 N. Y. 507; *Holdridge* v. *Gillespie*, 2 Johns. Ch. 33.) Joseph A. Leggett, Adella Bissell and Hazel Thayer as tenants in common, were occupying the leased premises as yearly tenants and were also the owners of the four-story brick building, and as such yearly tenants had the legal right to expect that the Cohoes Company would permit the owner of the building to remain on said premises for an indefinite period. (*McCourt* v. *Singers*, 145 Fed. Rep. 103.) The lease of the premises in question secured by Joseph A. Leggett from the Cohoes Company to the John Leggett & Son Corporation, for the term of five years from August 1, 1915, should inure to the benefit of Joseph A. Leggett, Adella Bissell and Hazel Thayer, who were at that time cotenants from year to year of the same premises and also the owners of the brick building, and from them it should inure to Roy L. Thayer who purchased

their interest, because while Joseph A. Leggett was such cotenant, he could do nothing with the brick building or the leased land that would benefit himself, his corporation, or deprive his cotenants of their right, title or interest therein. (*McDonald* v. *Fiss*, 54 App. Div. 491; *Mitchell* v. *Reed*, 61 N. Y. 123; *Robinson* v. *Jewett*, 116 N. Y. 40; *Hackett* v. *Patterson*, 16 N. Y. Supp. 170; *Reinhardt* v. *Reinhardt*, 134 App. Div. 440; *Phyfe* v. *Wardell*, 5 Paige, 268; *Castle* v. *Marks*, 50 App. Div. 323; *Holdridge* v. *Gillespie*, 2 Johns. Ch. 29; *Barrell* v. *Bull*, 3 Sandf. Ch. 16; *Tygart* v. *Wilson*, 39 App. Div. 59.)

ANDREWS, J. " Those who are in possession of lands under a lease have an interest therein beyond the subsisting term, usually called the tenant's right of renewal. Between the landlord and tenant this interest cannot strictly be denominated a right or estate, but is merely a hope or expectation, there being in the absence of contract, no way, legal or equitable, of compelling a renewal. But, as between third persons, the law recognizes this interest as a valuable property right, and the renewal as a reasonable expectancy of the tenants in possession." (*Robinson* v. *Jewett*, 116 N. Y. 40, 51.) It follows that he who holds a lease in trust for another may not deprive the latter of this interest by taking a renewal or a new lease in his own name (*Keech* v. *Sandford*, Select Cas. in Ch. 61); nor may an executor or administrator holding the lease as a part of the estate of a deceased (*Matter of Morgan*, 18 Ch. Div. 93); nor may a guardian as against his ward (*Milner* v. *Harewood*, 18 Ves. 274). A like rule is applied in many situations where because of his position or because of the trust and confidence reposed in him one owes a duty to another. In such cases equity exacts fair dealing and a scrupulous regard for honesty. An officer or director of a corporation in possession of a lease may not secretly for his own benefit take a renewal of it or a new lease to himself (*Robinson* v. *Jewett, supra*); nor

may a partner as against his firm (*Mitchell* v. *Reed,* 61 N. Y. 123); nor an agent as against his principal (*Davis* v. *Hamlin,* 108 Ill. 39). By taking a new lease a tenant for life may not deprive the remainderman of his interest. (*Holridge* v. *Gillespie,* 2 Johns. Ch. 29, 33; *Tanner* v. *Elworthy,* 4 Beav. 487.) The mortgagor may not so affect the rights of the mortgagee nor the mortgagee those of the mortgagor. (*Hughes* v. *Howard,* 25 Bevan, 575; *Gibbes* v. *Jenkins,* 3 Sandf. Ch. 130; *Slee* v. *Manhattan Co.,* 1 Paige, 48, 80.) A leasehold may not so be freed of a charge upon it nor may one of joint lessors so dispose of the rights of his joint tenants. (*Burrell* v. *Bull,* 3 Sandf. Ch. 15, 30.) In short, as has been said, no one who is in possession of a lease or a particular interest in a lease which is affected with any sort of equity for third persons can renew the same for his own use only, but such renewal must be considered a graft upon the old stock. (*Mitchell* v. *Reed,* 61 N. Y. 123, 131.)

As between the tenants in common of a lease, at least where they hold their estate through descent or under a will or where their interest is created by the same instrument, every principle requires the application of the rule. "All the restraints imposed upon cotenants in regard to their dealing between one another in reference to the common property, are founded mainly, if not exclusively, upon the theory that, so far as the common subject of ownership is concerned, they are each bound to defend the interest of the other; or if not to defend, at least not to make any direct or indirect assault upon such interest. The case of tenants in common coming into joint possession of real estate as co-heirs or co-devisees, has always been spoken of as creating special obligations between the joint owners; in fact, as forbidding either to do any act which could be unlawful or improper, if done by a trustee charged with the care and preservation of a trust estate. * * * The renewal of a lease in favor of any of the lessees is governed by the rules established by law·

in reference to the acquisition of an outstanding title by a cotenant. The new or renewed lease is held by the lessee in whose name it is taken, in trust for his co-lessees under the old lease, in proportion to their respective interests. The parties in possession under a lease are jointly entitled to participate in the benefits of a renewal." (Freeman on Cotenancy, sections 151, 157.)

This language is supported by authorities in this state which hold that one cotenant may not secretly purchase an outstanding title or claim to the exclusion of the others (*Knolls* v. *Barnhart*, 71 N. Y. 474); nor may one cotenant instigate a foreclosure so as to obtain the property for himself. He " is bound to do nothing with a view to prejudice the interests of the " others. (*Carpenter* v. *Carpenter*, 131 N. Y. 101.) There are instances where the rule has been applied to co-lessees. (*Palmer* v. *Young*, 1 Vern. 276; *Hackett* v. *Patterson*, 40 N. Y. S. R. 813.)

Wherever this obligation exists it is enforced for the benefit of the person injured. It is his equitable rights which are to be protected. The ward, the corporation, the partner, the tenant in common may ask relief. Not so he who has merely acquired title to the lease from them in the absence of some contract to that effect. Whatever rights the injured parties had or still have they retain.

Between the assignor and the assignee of a lease no relation of trust and confidence arises. They deal at arms length. The assignor may bind himself by some agreement or some special equity may exist between them. (*Bennett* v. *Van Syckel*, 4 Duer, 162.) Otherwise there is no reason why the assignor may not acquire a renewal for himself. (*Burgett* v. *Williford*, 56 Ark. 187.) Nor is it material whether this renewal was obtained before or after the assignment.

As a landlord is under no obligation to renew so a stranger is under no obligation to respect the hopes and expectations of the tenant. On him rests no trust or duty. He may if he can obtain a lease to himself and no

legal or equitable obligation results, and an undertenant is a stranger within this rule. He has no interest in or lien upon or possession under the original lease. (*Maunsell* v. *O'Brien*, 1 Jones [Exch.], 184, cited with approval in *Mitchell* v. *Reed*, 61 N. Y. 123, 141.)

It is to be noticed that the elements of actual fraud — of the betrayal by secret action of confidence reposed, or assumed to be reposed, grows in importance as the relation between the parties falls from an express to an implied or a quasi trust, and on to those cases where good faith alone is involved.

With these principles in mind the solution of the questions which arise in the case before us is not difficult. Under the will of their father and grandfather, John Leggett, Joseph A. Leggett, Adella Bissell and Hazel Thayer became tenants in common of a lease from year to year of certain premises in the city of Cohoes, upon which has been erected by their predecessors a building used for manufacturing purposes. Their term would expire on April 30, 1916. The premises were actually occupied by the defendant corporation, John Leggett & Son, of which Joseph A. Leggett was the president and a director, as an undertenant. In February, 1914, he began an action to partition their right, title and interest under this lease. In June, 1915, an interlocutory judgment of sale was obtained in the action. In August, acting on the direction of the Leggett company, Joseph A. Leggett obtained from the owners of the property a five-year lease to it, running from August 1st, 1915. The trial court does not find that for this purpose he made any fraudulent statements upon which the lessor relied but does find that his position as one of the cotenants aided him in reaching the result he sought. He acted secretly, however, and without the knowledge of one of his cotenants. In September the partition sale took place and the plaintiff became the purchaser and there was conveyed to him all the right, title and interest of which John

Leggett died seized in the lease and in the building upon the land.

Under these circumstances it has been held that the act of Joseph A. Leggett was wrongful; that the lease acquired by the Leggett corporation inured to the benefit of the cotenants, and that having purchased all their right, title and interest the lease so obtained belongs to the plaintiff. No such conclusion can result from these facts. A number of difficulties stand in the way.

We express no opinion as to the rights of any of the parties to the building upon the premises. That question is immaterial. Here is involved only the title to or rights under the five-year lease. If that lease had been actually obtained by the tenants in common before the sale of the original lease to the plaintiff it would not have passed to him by virtue of that sale. What he obtained is described in the deed to him. No equitable rights to the renewal in him were created by the transfer. How then does he acquire any title thereto, even if it inured to their benefit?

Assuming that the renewed lease was obtained secretly for his own benefit by Joseph A. Leggett, in fraud of the rights of his cotenants; assuming that they would have been entitled to relief had they demanded it in a court of equity, they have made no such demand. It may be they are content. Two of them participated in the transaction. The third was a stockholder in the Leggett corporation. But content or not, if the rights of any one were violated, it was his rights. If any one may ask redress, it is he who may ask it. The plaintiff, a stranger, may not make the demand for him. No cause of action has been assigned to the plaintiff. He, at least, has not been injured.

The new lease was made to the Leggett corporation, a subtenant. It is found to have been made for the personal benefit of Joseph A. Leggett. In view of the uncontradicted evidence this can only mean for his benefit in the sense that every stockholder is indirectly benefited

by the prosperity of the corporation in which he is interested. As we have seen, a subtenant may obtain a new lease from the owner as against his lessor. No relation of trust and confidence exists between them. To obtain such a lease it may act through an agent. In the absence of bad faith or fraud it is immaterial that it chose as its agent for such purpose one of the cotenants. Such a cotenant might be disqualified from secretly obtaining such a lease for his own benefit. But the secrecy of the act was not inequitable where the beneficiary was a stranger. The latter might act in secret. So might its agent. The bare finding that his position aided Joseph A. Leggett to obtain the new lease is wholly inadequate to show that the action of the Leggett corporation was fraudulent.

The judgments of the Appellate Division and the Trial Term should be reversed, and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, McLAUGHLIN and ELKUS, JJ., concur.

Judgments reversed, etc.