J. Kenneth Servé, J.
Plaintiff has made a motion under section 324 of the Civil Practice Act for an order requiring the defendant, Ernest Johnson, to produce for discovery and inspection a signed statement made by the plaintiff concerning the facts of an accident which occurred on November 13, 1959. The plaintiff has instituted an action for personal injuries and property damages. The issue has been joined and the action is now on the Trial Calendar.
Following the occurrence of the accident and before the plaintiff was represented by counsel, he was interviewed by an employee of his insurance carrier. During the interview the plaintiff made and signed a statement of facts about the said accident and delivered it to the insurance company’s representative. A copy of such statement was not given to the plaintiff. In his moving affidavit the plaintiff states that he does not recall the details of his signed statement.
The plaintiff and the defendant, Ernest Johnson, were insured at the time of the accident by the same liability insurance carrier.
The signed statement made by the plaintiff in this case may constitute an admission, which could be received in evidence and thereby comes within the provisions of section 324 of the Civil Practice Act (Urbina v. McLain, 4 A D 2d 589, 590). Prior to the decision of the case of Wilhelm v. Abel (1 A D 2d 55), inspection of a party’s own statement was denied unless special circumstances, such as fraud and deception were present. In the Wilhelm case the rule was changed and liberalized and it is no longer necessary to show fraud and deception before inspection will be granted. The broadened rule of inspection has been consistently followed. (Totoritus v. Stefan, 6 A D 2d 123 ; Holleran v. Kenna, 6 A D 2d 740 ; Destin v. Bernhard Mayer Estate, 123 N. Y. S. 2d 271 ; Levey v. Hemme, 7 A D 2d 646.)
The court in the case entitled Bassney v. Erie R. R. Co. (24 Misc 2d 350, 351) in commenting upon the Wilhelm case stated “ [t]he rule enunciated in Wilhelm v. Abel (1 A D 2d 55) makes it crystal clear that when a prospective plaintiff in a negligence action gives to an investigator for the defendant *723 or defendant’s insurance carrier a signed statement of the incident which gives rise to an action, the prospective plaintiff has a right to a discovery and inspection of the statement and to make a copy thereof.”
The defendant attempts to distinguish the instant case from the cases following the rule laid down in the Wilhelm case in that the plaintiff herein is seeking to obtain a copy of his own statement made to his own insurance carrier. In this case the plaintiff was compelled to give the statement to his own insurance company because of the usual co-operation and full disclosure clause in the liability policy. It would seem that the plaintiff would have even a greater right to discovery and inspection where he was compelled to give the statement as a result of the clauses in his insurance policy than when the plaintiff voluntarily gives a signed statement to the insurance carrier of a defendant.
Plaintiff’s motion is granted and the defendant and the attorney for the defendant, Ernest Johnson, are hereby directed to present for discovery and inspection the signed statement made by the plaintiff on November 13,1959 and to permit the plaintiff to make a copy of the same within three days of service of notice of entry of an order herein on the attorney for the defendant, Ernest Johnson.