GEORGE W. COLLINS, INC., Respondent, *v.* OLSKER-McLAIN INDUSTRIES, INC., Appellant, and A. E. OTTAVIANO, INC., Respondent. (And 63 Other Actions.)

Fourth Department, February 26, 1965.

486

*Weaver, Maghran & McCarthy* (*Irving C. Maghran, Jr.*, of counsel) and *Raichle, Moore, Banning & Weiss* (*Arnold Weiss* of counsel), for appellant.

*Ohlin, Damon, Morey, Sawyer & Moot* for A. E. Ottaviano, Inc., respondent.

*Fudeman, Renaldo, McCarville & Frizzell* (*Irving Fudeman* of counsel), for George W. Collins, Inc., respondent.

*Hodgson, Russ, Andrews, Wood & Goodyear* (*Irving Fudeman* of counsel), for H. Donald Canazzi and others, respondents.

*Cohen, Swados, Wright, Hanifin & Bradford* (*Irving Fudeman* of counsel), for Harry Gluckman, respondent.

*Magavern, Magavern, Lowe & Beilewech* (*Irving Fudeman* of counsel), for Herbert M. Siegel, respondent.

*Per Curiam.* The order appealed from directs the consolidation and joint trial of 64 cases now pending in the Supreme Court of Erie County. We do not necessarily disagree with the result, but we definitely disagree with the procedures which were employed in an effort to obtain this result.

Sometime prior to November 14, 1963 the defendant Ottaviano moved, at a Special Term for Motions in Erie County, for an order consolidating these actions. The plaintiffs and defendant Olsker-McLain opposed. The motion was properly returnable before Special Term for Motions under both CPLR 2212

(subd. [a]) and under the Rules of the Supreme Court applicable in Erie County referring to Special Terms for Motions, which we quote:

"Rule XVIII. Special terms for motions:

"A. The Special Term for motions shall be known as Special Term and shall be held each week day of the year except Saturday and legal holidays.

"B. All contested motions returnable in Special Term shall be noticed for 10:00 A.M. or 2:00 P.M., and all papers to be submitted on argument shall be delivered to the Clerk not later than 4:00 P.M. of the day preceding the return day of the motion. The Clerk shall prepare a Calendar of contested motions in the order in which the papers are filed. No additions will be made to the Calendar thereafter unless ordered by the Special Term Justice."

"Rule XIX. Matters heard:

"A. At the Special Term for motions shall be heard all ex parte and contested motions, or special proceedings where an issue of fact is not formally joined by pleadings, all matrimonial motions, and all other matters usually presented at Special Term except applications to be relieved of a Calendar default. Such applications shall be heard by the Calendar Justice."

It appears that all of the parties to all of the actions were before the court on the Special Term motion. The Special Term Justice denied the motion on the ground that prejudice and confusion in the minds of the jury might arise from such consolidation. There was no formal order signed or entered based upon the Special Term Justice's memorandum, but his determination is clear.

Later, in April of 1964, the defendant Ottaviano moved before Calendar Term of the Supreme Court in and for the County of Erie for an order directing that five of these actions be tried jointly. Another motion was made by the plaintiffs returnable at the same time before the Calendar Term requesting that all of the 64 actions be consolidated. In this instance, all of the parties joined in the motion with the exception of defendant Olsker-McLain who opposed it. Again all of the parties were before the court. Thus the question presented by the motion was identical with that submitted and decided previously at Special Term. Nevertheless, the Justice in Calendar Term ordered consolidation, a decision which was directly contrary to the prior decision of the Special Term Justice.

As we have said, we do not disagree with the substance of the Calendar Term Justice's order of consolidation. However, we cannot countenance the review, and in effect the reversal, of a previous determination of a Judge of equal jurisdiction by another Trial Judge. The motion should not have been considered by the second Judge but should have been referred to the first Judge (CPLR 2217, subd. [a]; 2221). We stated our position in *Scott* v. *Scott* (8 A D 2d 9, 12) as follows: "Thus, if plaintiff's application was intended to be a request for further consideration, it should have been made before, or referred to, the Justice who granted the original order (*Simonds* v. *Simonds,* 57 Hun 290). The application having been made to Special Term, we must therefore consider it an application for modification requiring a showing of change of circumstances and inadequacy. This has long been the rule in this State (*Poutney* v. *Poutney,* 10 N. Y. S. 192)." Our admonitions in the *Scott* case have been completely disregarded in the present case and recently in other cases.

The CPLR makes appropriate provision for the proper handling of matters when this question arises. Rule 2217 (subd. [a]) provides: "Any motion may be referred to a judge who decided a prior motion in the action." Moreover, rule 2221 mandates that a motion affecting a prior order "*shall* be made * * * to the judge who signed the order * * * A motion made to other than a proper judge under this rule shall be transferred to the proper judge." (Italics added.)

Furthermore, the Calendar Term Justice should have been guided by the decision of this court in *Carey* v. *Moore* (244 App. Div. 763) where it was said: "From the moving papers it appears that a motion for the same relief was made at Special Term and that the motion was denied. Under these circumstances petitioner's relief is by appeal rather than by a mandamus order. If the formal order has not been entered, so as to permit an appeal to be taken, petitioner has his remedy. If a party entitled to enter an order fails to do so promptly after the decision has been made, any interested party may have it drawn and entered. (*Matter of Rhinebeck & Conn. R. R. Co.,* 8 Hun, 34.) The omission to enter an order does not give the right to again agitate the question by a second motion. (*Peet* v. *Cowenhoven,* 14 Abb. Pr. 56.) " We also call attention to the language of the Second Circuit Court of Appeals where, in a similar case, it was stated: "But to submit the same controversy to a different district judge was wholly unwarranted. It is well established that a judge may not overrule the decision of another judge of co-ordinate juris-

diction made in the same case. The law enunciated by the first judge is not merely his individual opinion; it is the law of the District Court, to be followed, upon similar facts, until a different rule is laid down by a court of superior jurisdiction. * * * Such a rule is essential to an orderly and seemly administration of justice in a court composed of several judges. It is equally applicable when an issue has been submitted to the first judge and has not yet been decided by him. To permi¹ another judge to rush in and snatch decision from his mouth is not to be tolerated; it is a breach of comity which, if sanctioned, could only lead to unseemly conflicts of decision and to protracting the litigation." (*Matter of Hines,* 88 F. 2d 423, 425.) (See, also, *Platt* v. *New York & Sea Beach Ry. Co.,* 170 N. Y. 451, 458; *Field* v. *Public Administrator,* 10 A D 2d 97; *Mount Sinai Hosp.* v. *Davis,* 8 A D 2d 361; *Mutual Life Ins. Co. of N. Y.* v. *160 East 72nd St. Corp.,* 272 App. Div. 48; *Kerekes* v. *Greenwood Props.,* 18 Misc 2d 84; *Fried* v. *Lakeland Hide & Leather Co.,* 14 Misc 2d 305; *People* v. *Doherty,* 192 N. Y. S. 2d 140.)

It is argued by the appellant that the Special Term Justice's decision is *res judicata.* We do not agree with this contention. (See *Rudd* v. *Cornell,* 171 N. Y. 114; 2 Freeman, Judgments, pp. 1402–1403.) The Special Term decision did, however, establish the law of the case and this is so whether a formal order was entered or not. (*Bannon* v. *Bannon,* 270 N. Y. 484, 489–493; see, also, *Walker* v. *Gerli,* 257 App. Div. 249.) The decision was therefore binding upon all courts of co-ordinate jurisdiction and they may not arrogate to themselves powers of appellate review.

Thus, there are two reasons why the order should not have been granted: first, it was properly returnable in Special Term and not in Calendar Part; second, there had been a decision made that established the law of the case. As we have indicated, if a motion of this kind should improperly be made returnable in Calendar Part it should either be denied without prejudice to a reapplication to the original Special Term Justice or it should be referred to the Special Term Justice who originally made the controlling decision.

The order should be reversed and the motion denied, without prejudice to the right of·any party to apply to the Special Term Justice who originally decided the matter for reconsideration and redetermination of the motion to consolidate.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

490

Order unanimously reversed, with costs and motion denied without costs, without prejudice to the right of any party to apply to the Special Term Justice who originally decided the matter, for reconsideration and redetermination of the motion to consolidate.