■ NELL E. McMAINS, Respondent, v. THOMAS F. McMAINS, Appellant.— On March 2, 1964 this court reversed *on the law* an order of the Special Term, Supreme Court, Queens County, which granted plaintiff's motion and which amended the judgment in the action by increasing the alimony awarded to plaintiff and directed defendant to pay to plaintiff a counsel fee upon the motion. At the same time this court, without considering the facts, also denied the motion on the law (20 A D 2d 792). Thereafter, on March 18, 1965 the Court of Appeals reversed the order of this court and remitted the motion to us for a determination on the facts (15 N Y 2d 283). This court, on its own motion, now remands the plaintiff's original motion to the Special Term. Such remission is for the purpose of making a determination *de novo* on the basis of the *current* financial status of the respective parties as shown by the plaintiff's affidavits now on file and by the additional affidavits to be filed by each of the parties. Within 30 days after the date of entry of the order hereon plaintiff may file with the Special Term and serve on defendant supplemental affidavits; and within 20 days thereafter the defendant may file with the Special Term and serve on plaintiff affidavits in opposition to the plaintiff's original and supplemental affidavits. Presently neither this court nor the Special Term is in a position to determine this motion on the facts for two reasons: First, both here and at Special Term the defendant had opposed the plaintiff's motion solely on the law, namely: on the ground that the court was without power to amend the judgment so as to increase the alimony. Defendant did not inteprose any answering affidavit or controvert plaintiff's allegations or attempt to resist plaintiff's motion on the merits. Second, the financial status of both parties may well have changed since the motion was originally made — almost two years ago. Hence, on the present factual state of the record it is impossible now to make any proper determination which would do justice to either party. Under the circumstances, the motion must be remitted to the Special Term for determination *de novo* based on proof of the relevant facts as they currently

exist with respect to each of the parties. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.