■ Augustine Di Fresco et al., Respondents, v Frank J. Starin, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County, dated July 29, 1980, which granted plaintiffs' motion to preclude defendant from using at the trial, *inter alia,* certain records, reports and statements in the possession of the Allstate Insurance Company "unless * * * [they] are produced and made available to the plaintiff[s]." Order affirmed, with $50 costs and disbursements. The time to produce the materials is extended until 20 days after service upon defendant of a copy of the order to be made hereon, with notice of entry. Initially, we note that this court is not bound

by the two prior orders of Special Term. The doctrine of the law of the case does not apply in an appellate court where the prior order was made by a court of subordinate jurisdiction from which no appeal was taken (see *Klein v Smigel,* 44 AD2d 248; affd 36 NY2d 809; *Bellavia v Allied Elec. Motor Serv.,* 46 AD2d 807; *Walker v Gerli,* 257 App Div 249; see, also, *Martin v City of Cohoes,* 37 NY2d 162). Turning to the merits, we hold that the fact · that both the plaintiffs and the defendant are insured by the same carrier, viz., Allstate Insurance Company, and that defendant's counsel was retained by Allstate, present adequate special circumstances under CPLR 3101 (subd [a], par [4]) for Special Term's order requiring the defendant to produce the material requested. We also note that plaintiff Augustine Di Fresco's statement, which was given to Allstate's representative, was made in compliance with the usual co-operation and full disclosure clause in his liability policy. Therefore, the defendant should not be able to claim that the statement is shielded by the "work product" privilege (see *Johnson v Johnson,* 28 Misc 2d 721; see, also, Ann. 18 ALR3d 482, 487). Accordingly, Special Term's order constituted a proper exercise of its discretion. Damiani, J.P., Lazer, Mangano and Gibbons, JJ., concur.