■ BETTY POST, Appellant, v JOSEPH POST, Respondent.—In an action for a separation in which the parties were separated by a judgment of the Supreme Court, Queens County, entered March 6, 1980, the plaintiff wife appeals from an order of the same court (Zelman, J.), dated November 18, 1986, which denied her motion for an upward modification of the support provision of the judgment of separation, for a modification of a prior wage deduction order, and for counsel fees.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, with costs, and it is further,

Ordered that the matter is remitted for a hearing before a different Justice addressed solely to the issues raised in connection with the plaintiff wife's motion for a modification of the prior judgment of separation, for a modification of a prior wage deduction order, and for counsel fees.

In May 1986, the plaintiff Betty Post made a motion requesting, among other things, an order modifying the spousal support provisions of a judgment of separation which had been entered in 1980. The defendant husband improperly made a cross motion in which he requested certain relief in connection with an entirely separate action for divorce in which he was the plaintiff *(see, Post v Post,* 141 AD2d 517 [decided herewith]).

By order dated June 24, 1986, the Supreme Court, Queens County (Glass, J.), denied the plaintiff wife's motion with leave to renew and denied the defendant husband's cross motion as well. After a subsequent motion to renew by the plaintiff wife, the previous order was vacated and a hearing was directed in order to aid in the determination of that motion.

On November 10, 1986, the hearing as ordered was commenced before a Justice other than the one who had ordered it. After engaging in extensive colloquy, the hearing Justice stated that it was a "travesty of justice" to have ordered the

hearing in connection with the plaintiff wife's application and, instead, directed from the Bench that the parties go to trial in connection with the divorce action brought by the husband *(see, Post v Post, supra)*. The decision denying the wife's motion was subsequently reduced to an order from which the present appeal is taken. We now reverse.

The original order dated October 14, 1986, which directed a hearing, constituted the law of the case and was thus conclusive on all Justices of coordinate jurisdiction *(see, Forbush v Forbush,* 115 AD2d 335, 336-337, *appeal dismissed* 67 NY2d 756; *George W. Collins, Inc. v Olsker-McLain Indus.,* 22 AD2d 485, 488-489). The doctrine of law of the case " 'is essential to an orderly and seemly administration of justice in a court composed of several judges * * * [Violation of the doctrine] is a breach of comity which, if sanctioned, could only lead to unseemly conflicts of decision and to protracting the litigation' " *(George W. Collins, Inc. v Olsker-McLain Indus., supra,* at 489, citing *Matter of Hines,* 88 F2d 423, 425). The refusal of the hearing Justice to conduct the hearing which had been previously ordered, when considered in light of the characterization of that order by the hearing Justice, constitutes a pronounced violation of this doctrine.

When there is an appeal from an order which is found to have been made in violation of the doctrine of law of the case, the Appellate Division may properly reverse it for that reason alone, without regard to the merits *(see, e.g., George W. Collins, Inc. v Olsker-McLain Indus., supra,* at 488 [App Div agreed with substance of second order, but reversed it since it violated law of the case]). The Appellate Division may disagree with the substance of a subsequent order and yet affirm it on appeal on the grounds that it was made on constraint of the law of the case doctrine *(see, e.g., Baron v Baron,* 128 AD2d 821, 822; *Tagarelli v Tagarelli,* 50 AD2d 917, 918). This approach discourages the improper practice of one Justice arrogating to himself the power of appellate review over another Justice's prior unappealed order. In other cases, however, the Appellate Division, which itself is not bound by prior unappealed orders made in the Supreme Court will, in the interest of achieving substantial justice, affirm an order which is substantively correct, or reverse an order which is substantively incorrect, even though by doing so the effect of a prior unappealed order is possibly undermined *(see, e.g., Zappolo v Putnam Hosp. Center,* 117 AD2d 597; *Di Fresco v Starin,* 81 AD2d 629).

In the present case, the problem of arrogating to oneself the

power of appellate review constitutes such a violation of the doctrine of the law of the case as to warrant reversal for this reason alone. We add, however, that in our view the order directing the hearing in this case was both proper as a matter of law and as an exercise of discretion. Without expressing any opinion as to the plaintiff wife's chances for ultimate success, it may well be that, after a hearing before a neutral Justice, the plaintiff wife will be found to be entitled to an upward modification of the spousal support provisions contained in the judgment of separation in accordance with the standards set forth in Domestic Relations Law § 236 (A) (1) *(see, McMains v McMains,* 15 NY2d 283, *on remand* 23 AD2d 889; *see also, De Paolo v De Paolo,* 104 AD2d 631).

The matter is therefore remitted for a new hearing in accordance with the order of October 14, 1986. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.