■ EDWARD H. ROSENTHAL et al., Appellants, v STEVEN MAHLER et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiffs have rights under a certain lease, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Durante, J.), dated November 25, 1986, which denied their motion seeking a preliminary injunction prohibiting the defendants from commencing any action or proceeding against the plaintiffs or taking steps with respect to the eviction or removal of the plaintiffs in any manner from the space they presently occupy at the premises known as penthouse suite 2706, at 125-10 Queens Boulevard, Kew Gardens, and staying the effect of any notice to vacate pending the determination of this action, and (2), as limited by their brief, from so much of an order of the same court dated March 18, 1987, as, (a), upon renewal and reargument, adhered to the original determination, and (b), granted the defendants' cross motion for summary judgment dismissing the complaint and for summary judgment in favor of the defendants on their counterclaim, and set the matter down for an inquest as to damages on the counterclaim.

Ordered that the appeal from the order dated November 25, 1986 is dismissed, as that order was superseded by the order dated March 18, 1987, made upon renewal and reargument; and it is further,

Ordered that the order dated March 18, 1987 is reversed insofar as appealed from, the order dated November 25, 1986 is vacated, the plaintiffs' motion for a preliminary injunction is granted to the extent that the defendants are enjoined from commencing any proceedings to dispossess the plaintiffs from the demised premises pending determination of this action, upon condition that the plaintiffs file in the office of the Clerk of the Supreme Court, Queens County, an undertaking with a corporate surety pursuant to CPLR 6312 (b) and is otherwise denied, the defendants' cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Queens County, for the purpose of setting the amount of the undertaking and the time within which the plaintiff shall be required to file the undertaking; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

It is well established that in order to obtain a preliminary injunction, a party must establish (1) a likelihood of ultimate success on the merits, (2) irreparable injury to the party absent the granting of injunctive relief, and (3) that a balancing of equities favors that party's position (see, Grant Co. v Srogi, 52 NY2d 496, 517; Nalitt v City of New York, 138 AD2d 580; Barone v Frie, 99 AD2d 129). Based upon a review of the record before this court, we conclude that the plaintiffs satisfied the aforesaid requirements and thus their motion for a preliminary injunction should have been granted.

The facts demonstrate that the plaintiffs, a group of attorneys, leased office space with the defendants, who are also attorneys, at the premises located at 125-10 Queens Boulevard in Queens County. The term of the lease, signed by all of the parties hereto jointly and severally, was a 10-year period commencing September 1, 1976 and ending August 30, 1986. Prior to executing this lease, the parties agreed that the leased space would be divided into separate offices and the parties would share the expenses of a receptionist and the common areas. Sometime in 1978, the defendants, admittedly without the plaintiffs' knowledge or consent, entered into a renewal lease on their own behalf with the owner of the premises for the entire office space then occupied by all the parties hereto. That lease was to commence September 1, 1986, after the prior lease expired. The plaintiffs apparently

learned of the existence of the defendants' renewal lease for the first time in May 1986.

Thereafter, the plaintiffs instituted the instant action, *inter alia,* for a judgment declaring that the renewal lease procured by the defendants for the demised premises was for the benefit of both the plaintiffs and the defendants as tenants in common and to enjoin the defendants from seeking to evict the plaintiffs from the subject premises. The plaintiffs essentially maintained that under the original lease, the parties were tenants in common and, as such, had a duty to deal fairly and honestly with each other particularly with regard to their shared expectation of renewal of their lease. The plaintiffs thus asserted that the defendants did not have a right to obtain a renewal of the lease for their exclusive benefit without the plaintiffs' knowledge and consent, and, as a result, the plaintiffs were entitled to the benefits of the lease.

In *Thayer v Leggett* (229 NY 152), the Court of Appeals held that when the interests of tenants in common are created by a common instrument, such as that at bar, a cotenant may not secretly negotiate a renewal of the lease for his or her benefit alone. The court in *Thayer v Leggett (supra,* at 157-158) explained:

"[N]o one who is in possession of a lease or a particular interest in a lease which is affected with any sort of equity for third persons can renew the same for his own use only, but such renewal must be considered a graft upon the old stock. *(Mitchell* v. *Reed,* 61 N. Y. 123, 131.)

"As between the tenants in common of a lease, at least where they hold their estate through descent or under a will or where their interest is created by the same instrument, every principle requires the application of the rule. 'All the restraints imposed upon cotenants in regard to their dealing between one another in reference to the common property, are founded mainly, if not exclusively, upon the theory that, so far as the common subject of ownership is concerned, they are each bound to defend the interest of the other; or if not to defend, at least not to make any direct or indirect assault upon such interest * * * The renewal of a lease in favor of any of the lessees is governed by the rules established by law in reference to the acquisition of an outstanding title by a cotenant. The new or renewed lease is held by the lessee in whose name it is taken, in trust for his co-lessees under the old lease, in proportion to their respective interests. The parties in possession under a lease are jointly entitled to participate in the benefits of a renewal.' (Freeman on Coten-

ancy, sections 151, 157.)" *(See also,* 24 NY Jur 2d, Cotenancy and Partition, § 78; *cf., Jemzura v Jemzura,* 36 NY2d 496, 502-503.)

In view of the above and given the facts of this case as presented in the record, we conclude that the plaintiffs have demonstrated a likelihood of success on the merits. It is clear that by operation of the 1976 lease, the parties became tenants in common and, as such, the defendants were not entitled to secretly negotiate for their sole benefit the renewal of the lease.

Moreover, we agree that absent a preliminary injunction, the plaintiffs will suffer irreparable injury in the form of a loss of clients, business and prestige. Additionally, the balancing of equities favors the plaintiffs, who for a period of almost eight years, were unaware of the defendants' actions in secretly renewing the lease for their benefit alone.

In view of the foregoing, the Supreme Court erred in dismissing the plaintiffs' complaint and awarding summary judgment to the defendants on their counterclaim. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.