■ DENNIS GOLDBERG, Appellant-Respondent, v CECILE OCHMAN, Respondent-Appellant.—In an action, *inter alia,* for a judgment declaring the fair market value of certain real property in which the defendant has asserted counterclaims seeking an accounting of rents, or a partition, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 16, 1987, as, upon the appointment of an appraiser, failed to direct that the property be appraised for its value as of July 20, 1984; and the defendant cross-appeals from so much of the same order as failed to grant an accounting of rents.

Ordered that the order is modified by adding a provision thereto directing the plaintiff, within 60 days of his exercise of his right to purchase the property upon receipt of the appraisal of the court-appointed appraiser, to furnish an accounting of rents and profits to the defendant for rents received since July 20, 1984; as so modified the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, Dennis Goldberg, and the defendant, Cecile Ochman, are tenants in common with respect to certain real property located at 388-400 Jefferson Street, Brooklyn, New York. Since 1968, this property has been leased to Arma Scrap Metal Co., Inc. (hereinafter Arma) for a rent of $2,000 per month.

Pursuant to a shareholders' agreement dated June 16, 1983, one half of the shares of Arma was owned by the plaintiff and

the other half was owned by Nathan Ochman, who was the defendant's husband. Nathan Ochman died on July 20, 1984, and, on August 17, 1984, the defendant was appointed as the personal representative of Mr. Ochman's estate.

Pursuant to paragraphs 4 (a) and 4 (b) of the shareholders' agreement Arma was obligated to purchase the shares which had been owned by Mr. Ochman within 60 days after the appointment of Mrs. Ochman as the personal representative of the estate. The sale of Mr. Ochman's shares by his estate to Arma was made in October 1986.

The shareholders' agreement further provided, in paragraph 22 thereof, that in the event that the shares owned by Mr. Ochman was ever sold to Arma, then Mrs. Ochman would "be required to sell her interest [as a tenant in common in the] real property to [the plaintiff] Goldberg". This paragraph of the agreement also provided that the value of the interest of a tenant in common in this property would be determined by an "independent real estate appraiser". The current dispute between the parties is traceable to the failure of the agreement to make provision either for a mechanism for the selection of an "independent" appraiser, for a date with reference to which the appraisal is to be made, or for a time frame within which such a sale should be made.

According to the complaint, one "independent" appraiser had assessed the fair market value of the property at $90,000 as of August 28, 1984. It is further alleged that the defendant subsequently procured an appraisal of the same property in the amount of $250,000 as of January 20, 1985, and that the plaintiff obtained a further appraisal of the property in the amount of $142,500 as of August 20, 1985. The plaintiff sought a judgment declaring, in effect, that the value of the premises for the purposes of his exercising his right to purchase the defendant's interest as a tenant in common pursuant to paragraph 22 of the shareholders' agreement (supra) was $90,000.

In her answer, the defendant asserted that shortly after the death of her husband, the plaintiff "unilaterally" reduced the rent payable by Arma from $2,000 to $1,000 per month. She further alleged that certain space had been subleased by Arma to a third party and Arma has collected rent from that third party. She claimed that an accounting of rents had been demanded but refused. These allegations were, in material part, denied by the plaintiff in his reply.

When the action came on for trial, both parties apparently

agreed that no issues of fact existed and the Supreme Court was called upon to decide the case, based upon the pleadings, exhibits and briefs. Based upon the foregoing, the Supreme Court determined that it was necessary to appoint an appraiser and directed that, within 10 days of the service of the report of the appraiser upon him, the plaintiff would be entitled to exercise his right to purchase the defendant's one-half interest as a tenant in common. The defendant was given the right to settle a judgment on notice requiring the partition and sale of the property in the event that the plaintiff did not exercise his right to purchase her interest as outlined above.

The order of the Supreme Court does not specify the date with reference to which the appointed appraiser is to evaluate the property. The plaintiff's sole argument on appeal is that the order should be modified so as to specify that the appraisal should be made with reference to July 20, 1984, the date of Mr. Ochman's death. We reject this argument as unfounded. Since the agreement is silent as to the date for the appraisal, we construe it in accordance with a rule of reason which would recognize that the property be appraised at its current value. It would be most unfair under the facts of this case to require the defendant to transfer her interest in this property *now*, in return for the payment of an amount which reflects the value of that interest approximately four years ago.

The defendant's principal argument on appeal is that the Supreme Court should have directed the plaintiff to furnish an accounting. The defendant, on appeal, repeats her allegations that since her husband's death, the plaintiff has reduced the rent payable by Arma and has also caused Arma to sublet a portion of the premises to a third party. The plaintiff is unquestionably required to account to the defendant, his cotenant, for an amount of rent he may have received in excess of "his own just proportion" (RPAPL 1201; *see also*, 24 NY Jur 2d, Costs in Civil Actions, § 65). The plaintiff's attorney, in fact, conceded that the defendant had a right to an accounting from the plaintiff. The order under review calls for an accounting in connection with the defendant's exercise of her right to an involuntary partition in the event that the plaintiff fails to exercise his right to purchase her interest in the property in accordance with the price to be determined by the court-ordered appraisal. We modify the order only so as to direct that, even if the plaintiff does exercise his right to purchase the defendant's interest pursuant to the court-ordered appraisal, he must render an accounting for the rents and profits received since July 20, 1984.

In connection with the accounting to be rendered by the plaintiff in accordance with the order as now modified, we note that the plaintiff should be held liable to the defendant "only for rents and profits that he has actually received" (24 NY Jur 2d, Cotenancy and Partition, § 245). Neither the plaintiff nor the corporations which the defendant insists are the "alter egos" of the plaintiff has any liability to the defendant for the fair value of the use and occupancy of the premises, in the absence of any agreement to that effect, or any proof that the defendant was ousted from possession *(see, Jemzura v Jemzura,* 36 NY2d 496, 503; 24 NY Jur 2d, Cotenancy and Partition, § 245). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.