■ FRANK SOUFFRANT, Appellant, v STAR INSURANCE COMPANY, Respondent, et al., Defendants. [751 NYS2d 873] —In an action, inter alia, for a judgment declaring that the defendant Star Insurance Company is obligated to defend and indemnify the defendant Surjit Singh in an underlying personal injury action entitled Souffrant v Singh, pending in the Supreme Court, Kings County, under Index No. 27751/98, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated December 3, 2001, as amended December 6, 2001, as granted the motion of the defendant Star Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated December 3, 2001, as amended, is reversed insofar as appealed from, with costs, the motion is

denied, the complaint is reinstated insofar as asserted against the defendant Star Insurance Company, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the question of whether the defendant Star Insurance Company insured the defendant Surjit Singh's vehicle with respect to the underlying accident.

In the course of this declaratory judgment action, which was commenced in the Supreme Court, Kings County, the defendant Star Insurance Company (hereinafter Star) moved, inter alia, to dismiss the complaint insofar as asserted against it. Star argued that it never insured a vehicle driven by the defendant Surjit Singh, that was involved in an accident in which the plaintiff was injured. Thereafter the defendant Metropolitan Suburban Bus Company moved for a change of venue from Kings County to Nassau County. After the Supreme Court, Kings County, entertained oral argument on the motions, it directed that a hearing take place on the "framed issue" regarding Star's coverage of the Singh vehicle. However, when the parties appeared for this hearing, the Supreme Court issued an order which granted the cross motion to change venue to Nassau County and further stated that Star's "motion to dismiss and the framed issue hearing are stayed pending the change of venue and framed issue to be decided in Nassau County." After the matter was transferred to Nassau County, Star again moved to dismiss the complaint against it. This time it requested that the Supreme Court treat its motion as one for summary judgment pursuant to CPLR 3211 (c). The plaintiff opposed the motion, arguing, in part, that the framed issue hearing was still required to be conducted. The Supreme Court decided the motion without holding such a hearing and granted summary judgment in favor of Star.

We agree with the plaintiff that the order of the Supreme Court, Kings County, which directed the hearing on the coverage issue constituted the law of the case and thus was "conclusive on all Justices of coordinate jurisdiction" (Post v Post, 141 AD2d 518, 519; see also Forbush v Forbush, 115 AD2d 335; George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485). Therefore, the failure of the Supreme Court, Nassau County, to hold the hearing was a violation of the law of the case (see Post v Post, supra). Although this Court is not bound by the law of the case doctrine (see Zappolo v Putnam Hosp. Ctr., 117 AD2d 597), it appears clear from the record that the hearing is necessary to aid in the determination of this motion.

In light of our determination herein, it is unnecessary to reach the parties' remaining arguments. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.