■ CHRISTINE DEGLIUOMINI, Respondent, v BEATRICE DEGLIUOMINI, Appellant. [785 NYS2d 519]—

In an action, inter alia, to partition real property and for an accounting of rents, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated July 16, 2003, as granted that branch of the plaintiff's motion which was for summary judgment directing her to collect the value of use and occupancy from the corporate tenant and to divide it with the plaintiff to the extent of directing her to cause to be paid $3,000 per month to the plaintiff for use and occupancy.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment directing the defendant to collect the value of use and occupancy from the corporate tenant and to divide it with the plaintiff is denied.

We agree with the defendant that a prior order of the Supreme Court dated July 10, 2000, which, inter alia, dismissed the plaintiff's cause of action for an accounting of rents, constituted the law of the case and was thus "conclusive on all Justices of coordinate jurisdiction" (*Post v Post*, 141 AD2d 518, 519 [1988]; *see also Souffrant v Star Ins. Co.*, 300 AD2d 569, 570 [2002]). Therefore, the order appealed from, which granted that branch of the plaintiff's motion which was for summary judgment directing the defendant to collect the value of use and occupancy from the corporate tenant and to divide it with the plaintiff to the extent of directing the defendant to cause to be paid $3,000 per month to the plaintiff for use and occupancy was a violation of the law of the case (*see Post v Post, supra; see also Matter of Wright v County of Monroe*, 45 AD2d 932 [1974]).

Although this Court is not bound by the law of the case (*see Post v Post, supra*), the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). One tenant in common is generally not liable to another for use and occupancy, in the absence of an agreement or ouster (*see Jemzura v Jemzura*, 36 NY2d 496, 503 [1975]; *Goldberg v Ochman*, 143 AD2d 255, 258 [1988]). Although one cotenant "is unquestionably required to account to . . . his [or her] cotenant, for an amount of rent he [or she] may have received in excess of 'his [or her] own just proportion,' " this only applies to rents actually received (*Goldberg v Ochman, supra* at 257, quoting RPAPL 1201; 24 NY Jur 2d, Cotenancy and Partition, § 245).

The plaintiff failed to present any evidence demonstrating that the defendant received rents in connection with the subject property. Moreover, the checks from a nonparty corporation submitted by the plaintiff were insufficient to demonstrate the existence of an implied agreement to pay use and occupancy (*see Goldberg v Ochman, supra* at 258). Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.