■ In the Matter of MARYLYNN CELLAMARE, Appellant, v STEVEN LAKEMAN, Respondent. [829 NYS2d 590]—

In a proceeding pursuant to Family Court Act article 4, inter alia, to recover child support arrears, the mother appeals from an order of the Family Court, Richmond County (McElrath, J.), dated December 12, 2005, which denied her objections to an order of the same court (Weir-Reeves, S.M.), dated October 12, 2005, which, after a hearing, granted the father's cross motion to dismiss the petition, and dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

An order violates the law of the case if it violates an order that is "conclusive on all Justices of coordinate jurisdiction" (*Post v Post*, 141 AD2d 518, 519 [1988]; *see Degliuomini v Degliuomini*, 12 AD3d 634 [2004]; *Souffrant v Star Ins. Co.*, 300 AD2d 569, 570 [2002]). Indeed, "[i]t is fundamental that a Judge may not review or overrule an order of another Judge of coordinate jurisdiction in the same action or proceeding" (*Forbush v Forbush*, 115 AD2d 335, 336 [1985], quoting *Matter of Wright v County of Monroe*, 45 AD2d 932 [1974]).

In the instant case, an order of the Family Court dated September 19, 2003 stated specifically that child support arrears owing to the mother were to be set at zero. That order was never reversed. Moreover, after the father gained custody of the child, the Family Court, by order dated December 21, 2004, directed the mother to pay child support to the father. The mother filed objections to the order, which were denied by the Family Court in an order dated February 10, 2005. Like the order dated September 19, 2003, the order dated February 10, 2005 was never reversed. The mother nonetheless again petitioned the Family Court for an award of child support arrears, further arguing that in connection with the calculation of the arrears allegedly owed to her, she could not be liable to the father for child support because she and the father entered into an agreement by which the father agreed not to seek child support. The Family Court held that the mother's request for arrears was barred by the law of the case, and that such an agreement was void and unenforceable. It thus dismissed the mother's petition in its entirety. We affirm.

Although this Court is not bound by the law of the case (*see Post v Post, supra*), the Family Court order must be affirmed on the merits in any event. A parent's duty to support his or her child until the child reaches the age of 21 is a matter of fundamental public policy in New York (*see* Family Court Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]; *Matter of Alice C. v Bernard G.C.*, 193 AD2d 97 [1993]). This requirement cannot be abrogated by contract (*see Pecora v Cerillo*, 207 AD2d 215, 218 [1995]). Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.