Pichler v Jackson (2018 NY Slip Op 00077)





Pichler v Jackson


2018 NY Slip Op 00077


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5373 651456/15

[*1]Cathy Pichler, Plaintiff-Appellant,
v
Joan Jackson, Defendant-Respondent.


Cathy L. Pichler, appellant pro se.
Feder Kaszovitz LLP, New York (David Sack of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered August 18, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on her third and fourth causes of action, seeking an accounting and apportionment, pursuant to Real Property Actions and Proceedings Law (RPAPL) § 1201, respectively, and leave to amend the complaint to add a cause of action for breach of fiduciary duty, unanimously reversed, on the law, plaintiff's motion for partial summary judgment on her third and fourth causes of action and leave to amend the complaint granted, and the matter remanded for further proceedings.
As tenants in common, the parties have a quasi-trust or fiduciary relation with regard to the property they commonly
hold, supporting plaintiff's third cause of action for an accounting (see Minion v Warner, 238 NY 413 [1924]; Thayer v Leggett, 229 NY 152, 157—158 [1920]). Even absent any such common-law obligation, a statutory duty to account would exist, pursuant to RPAPL 1201, entitling plaintiff to recover under her fourth cause of action (see Degliuomini v Degliuomini, 12 AD3d 634, 635 [2d Dept 2004]). Defendant's claim of prematurity is rejected. Defendant shall provide an accounting, including an itemization of the monies received and payments made in operating the property. After providing the accounting, plaintiff will be permitted to interpose her specific objections. The bona fides of the objections will then be resolved by the court. Nor is the accounting premature because there is simultaneously ongoing discovery on the parties' claims.
Leave to amend the pleadings must "be freely given" (CPLR 3025[b]), and should have been granted here given the nature of the parties' relationship (see Minion v Warner, supra; Thayer v Leggett, supra).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK